**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  01-cv-01451-REB-CBS

(Consolidated with Civil Action Nos. 01-cv-01472-REB-CBS, 01-cv-01527-REB-CBS, 01-cv-01616-REB-CBS, 01-cv-01799-REB-CBS, 01-cv-01930-REB-CBS, 02-cv-00333-REB-CBS, 02-cv-00374-REB-CBS, 02-cv-00507-REB-CBS, 02-cv-00658-REB-CBS, 02-cv-00755-REB-CBS; 02-cv-00798-REB-CBS; and 04-cv-00238-REB-CBS)

In re QWEST COMMUNICATIONS INTERNATIONAL, INC. SECURITIES LITIGATION

**ORDER CONCERNING QWEST'S RENEWED MOTION
TO RECONSIDER & TO CERTIFY INTERLOCUTORY APPEAL**

**Blackburn, J**

This matter before me is **Defendant Qwest Communications International Inc.'s Renewed Motion to Reconsider Part II of This Court's August 15, 2005 Order Concerning Rule 72 Objections and To Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)** [#911], filed January 9, 2006.  No response has been filed.[1]  I grant the motion in part and deny it in part.

In an order [#671] filed May 31, 2005, Judge Shaffer ordered Qwest to produce 220,000 documents that Qwest had provided to the SEC under a written confidentiality agreement (the SEC documents), in the course of the SEC's investigation of Qwest. Qwest has refused to produce the SEC documents, asserting claims of attorney-client privilege and work-product privilege.  Judge Shaffer concluded that Qwest had waived its attorney-client and work-product privileges when Qwest disclosed the SEC

---

[1] I am mindful of the representation by counsel for the movant that plaintiffs ". . . agree that the motion can be decided on the pleadings previously submitted by the parties." Renewed Motion at 2, n.2.

documents to the SEC.  I upheld Judge Shaffer's order in my August 15, 2005, order [#778].  Qwest now asks that I reconsider and modify that order, and permit Qwest to redact opinion work product from the 220,000 SEC documents which I have ordered Qwest to produce.

There are three major grounds that justify reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  **Shields v. Shetler**, 120 F.R.D. 123, 126 (D.Colo.1988).  However, "a motion for reconsideration is not a license for a losing party's attorney to get a 'second bite at the apple' " and make legal arguments that could have been raised before.  **Id**.

Qwest cites the substantial protections of opinion work product that I outlined in my August 15, 2005, order concerning other documents, and argues that those protections apply equally to the SEC documents.  I agree that the protections for opinion work-product apply equally to the 220,000 SEC documents that I have ordered Qwest to produce.  Nothing in the record demonstrates that Qwest has waived the protections of the opinion work product doctrine as to these documents.  Therefore, I grant Qwest's motion to reconsider, and will order that Qwest redact opinion work product from these documents before they are produced to the plaintiffs.  Such an order will correct clear error and will prevent manifest injustice.

Qwest also seeks an order certifying an interlocutory appeal to the United States Court of Appeals for the Tenth Circuit under 28 U.S.C. § 1292(b).  Qwest seeks to prosecute an interlocutory appeal of the court's ruling that production of privileged documents to the government, made under a written confidentiality agreement,

constitutes a waiver of attorney-client and fact work product privileges as to third parties. This waiver analysis is the basis for the court's order that Qwest produce the 220,000 SEC documents. Qwest notes that the Tenth Circuit has not considered this issue, and that there is a split among the other circuit courts on this question.

Under § 1292(b), I may certify an appeal of an otherwise non-appealable order if I am

> of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that immediate appeal from the order may materially advance the ultimate termination of the litigation . . . .

28 U.S.C. § 1292(b). Appeal certification under § 1292(b) "should be limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action." **State of Utah By and Through Utah State Dept. of Health v. Kennecott Corp**., 14 F.3d 1489, 1495 (10th Cir. 1994) (citation and internal quotation omitted).

Although there may be substantial ground for difference of opinion concerning the court's waiver analysis as applied to the SEC documents, I conclude that this issue does not constitute a controlling question of law, and that an immediate appeal of my ruling will not materially advance the ultimate termination of this litigation. Resolution of this discovery issue will not make or break any of the plaintiffs' claims or any of the defendants' defenses. Unless resolution of this issue will have some substantial effect on the viability of a claim or defense, I cannot conclude that this issue is a controlling issue in this case. Further, nothing in the record supports the conclusion that an immediate appeal of this issue would materially advance the termination of this case. For example, if Qwest's position were upheld by the Tenth Circuit, there is no indication

that the plaintiffs' would abandon any of their claims or reach a settlement more quickly. Similarly, if the analysis adopted by Judge Shaffer and myself were upheld by the Tenth Circuit, there is no indication that Qwest would concede any of the plaintiffs' claims, or would reach a settlement more quickly. For the purpose of § 1292(b), the discovery question at issue here is not a controlling question of law and its immediate resolution will not materially advance the ultimate termination of this litigation.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Qwest Communications International Inc.'s Renewed Motion to Reconsider Part II of This Court's August 15, 2005 Order Concerning Rule 72 Objections and To Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)** [#911], filed January 9, 2006, is **GRANTED** in part to the extent that Qwest requests reconsideration and modification of my August 15, 2005, order [#778] upholding the Magistrate Judge's order directing Qwest to produce the SEC documents;

2. That counsel for Qwest, acting as officers of the court, **SHALL REVIEW** the SEC documents, and **SHALL REDACT** from those documents all matter that constitutes "opinion" work product, under the terms specified in my August 15, 2005, order [#778], concerning the redaction of opinion work product from the BSF Report;

3. That after such redaction and on or before March 15, 2006, or any extended deadline as determined by the Magistrate Judge, Qwest **SHALL PRODUCE** to the plaintiffs all portions of the SEC documents that do not constitute opinion work product; and

4.  That **Defendant Qwest Communications International Inc.'s Renewed Motion to Reconsider Part II of This Court's August 15, 2005 Order Concerning Rule 72 Objections and To Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)** [#911], filed January 9, 2006, otherwise is **DENIED**.

Dated February 2, 2006, at Denver, Colorado.

                                                **BY THE COURT:**

                                                **s/ Robert E. Blackburn**
                                                **Robert E. Blackburn**
                                                **United States District Judge**