**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 01-cv-01451-REB-PAC

(Consolidated with Civil Action Nos. 01-cv-1472-REB-PAC, 01-cv-1527-REB-PAC, 01-cv-1616-REB-PAC, 01-cv-1799-REB-PAC, 01-cv-1930-REB-PAC, 01-cv-2083-REB-PAC, 02-cv-0333-REB-PAC, 02-cv-0374-REB-PAC,  02-cv-0507-REB-PAC, 02-cv-0658-REB-PAC, 02-cv-755-REB-PAC, 02-cv-798-REB-PAC, and 04-cv-0238-REB-PAC)

In re QWEST COMMUNICATIONS INTERNATIONAL, INC. SECURITIES LITIGATION

### ORDER EXTENDING DEADLINE FOR MAILING *NUNC PRO TUNC*

**Blackburn, J.**

This matter is before me on the plaintiffs' **Supplemental Submission Seeking Amendment of Order Preliminarily Approving Partial Settlement and Approving Form and Manner of Notice** [#909], filed January 6, 2006 (Supplemental Submission).

On January 5, 2006, I entered an Order Preliminarily Approving Partial Settlement and Approving Form And Manner of Notice [#906] (Preliminary Approval Order).  At the request and suggestion of the plaintiffs, that order set a deadline for mailing of two documents to the plaintiff class members.  Those documents are 1) Notice of Pendency and Proposed Partial Settlement of Class Action; and 2)  Proof of Claim and Release.  *Preliminary Approval Order*, ¶ 6.  The plaintiffs suggested and requested that the deadline for the mailing of these documents be ten days after the court's order.  *See Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement* [#887], filed November 23, 2005, p. 9.  The Preliminary Order set a deadline of January 16, 2006.  The plaintiffs ask now that this deadline be extended *nunc pro tunc* to January 25, 2006.

Once the Preliminary Approval Order was entered, the plaintiffs concluded mysteriously that ten days was not enough time to accomplish this task. The plaintiffs cite two reasons that ten days was not enough time. First, the plaintiffs note that more than one million notices must be mailed in an effort to notify members of the plaintiff class. I note that the size of the plaintiff class is no surprise to anyone familiar to this case, *a fortiori*, lead counsel, but apparently the claims administrator requested additional time to handle a mailing of this size. *Supplemental Submission*, p. 1. Second, the plaintiffs note that January 16, 2006, was a federal holiday, Martin Luther King Day. Mailing on a legal holiday may present some difficulties, but those difficulties are not insurmountable, especially for those in the private sector.

The plaintiffs do not indicate whether the defendants object to their request . However, I note that no opposition to the request has been filed. It appears that the relevant documents were mailed to Class Members on or before January 25, 2006. The plaintiffs note that none of the other deadlines in the Preliminary Approval Order will be affected by an extension of the mailing date to January 25, 2006, and I agree. Notably, the Notice of Pendency and Proposed Partial Settlement of Class Action includes specific calendar dates for class members to object to the proposed settlement and to request exclusion from the class. Those dates are not affected by extension of the mailing date to January 25, 2006. In order to expedite resolution of this matter, and because extension of the mailing deadline does not affect other relevant deadlines, I conclude that the plaintiffs' request should be granted *nunc pro tunc*.

**THEREFORE, IT IS ORDERED** as follows:

1. That the deadline for mailing the Notice and Proof of Claim and Release forms to Class Members, as stated in paragraph 6(a) of my Preliminary Approval Order,

is **EXTENDED**, *nunc pro tunc*, to January 25, 2006; and

    2.  That mailing of the Notice and Proof of Claim and Release forms to Class Members on or before January 25, 2006, shall be considered to be in compliance with the Preliminary Approval Order.

    Dated March 9, 2006, at Denver, Colorado.

    **BY THE COURT:**

    **s/ Robert E. Blackburn**
    **Robert E. Blackburn**
    **United States District Judge**