**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 01-cv-01451-REB-PAC

(Consolidated with Civil Action Nos. 01-cv-1472-REB-PAC, 01-cv-1527-REB-PAC, 01-cv-1616-REB-PAC, 01-cv-1799-REB-PAC, 01-cv-1930-REB-PAC, 01-cv-2083-REB-PAC, 02-cv-0333-REB-PAC, 02-cv-0374-REB-PAC, 02-cv-0507-REB-PAC, 02-cv-0658-REB-PAC, 02-cv-755-REB-PAC, 02-cv-798-REB-PAC, and 04-cv-0238-REB-PAC)

In re QWEST COMMUNICATIONS INTERNATIONAL, INC. SECURITIES LITIGATION

## ORDER STAYING PRODUCTION OF DOCUMENTS

**Blackburn, J.**

This matter is before me on defendant, Qwest Communications International Inc.'s, unopposed motion to stay production of documents [#926], filed February 23, 2006. I grant the motion.

On February 2, 2006, I entered an Order Concerning Qwest's Renewed Motion to Reconsider and to Certify Interlocutory Appeal [#923]. In that order I required Qwest to produce to the plaintiffs about 220,000 documents that Qwest had provided to the United States Securities and Exchange Commission (SEC) in the course of the SEC's investigation of Qwest. Qwest provided these documents to the SEC under the terms of a confidentiality agreement with the SEC.

I required production of these documents based on my conclusion, and that of Magistrate Judge Shaffer, that Qwest had waived its attorney client and work-product privileges when Qwest disclosed these documents to the SEC. However, I concluded that Qwest had not waived the protections of opinion work-product as to these documents. Therefore, I ordered Qwest to redact from the documents all matter that

constitutes opinion work product before producing those documents to the plaintiffs. Qwest has argued consistently that it did not waive its attorney client and work product privileges when it disclosed the documents to the SEC. In my February 2, 2006, order, I directed that the redacted documents be produced to the plaintiffs by March 15, 2006. I also denied Qwest's motion to certify an interlocutory appeal of this issue to the United States Court of Appeals for the Tenth Circuit.

On February 23, 2006, Qwest filed a petition for writ of mandamus with the United States Court of Appeals for theTenth Circuit asking the Tenth Circuit to direct this court to reverse and vacate its order of February 2, 2006. Apparently, the Tenth Circuit has given other parties in the case an opportunity to respond to the petition. In the motion now before me, Qwest asks that I stay compliance with my February 2, 2006, order [#926] pending the Tenth Circuit's review of Qwest's petition for writ of mandamus.

I agree with Qwest that four factors are relevant to my determination of whether a stay should be granted in this case. These factors are 1) the threat of irreparable harm absent a stay; 2) harm to the non-movant if a stay is granted; 3) any risk of harm to the public interest; and 4) Qwest's likelihood of success on appeal. ***See F.T.C. v Mainstream Marketing Services, Inc***., 345 F.3d 850, 852 (10th Cir. 2003) (applying FED. R. APP. P. 8). Qwest argues that disclosure of the documents would make meaningful review impossible because after disclosure, any privilege that attaches to the documents would be worthless even if Qwest was successful on appeal. Because of the procedural posture of this case, Qwest argues also that a delay in disclosure of these documents, pending review by the Tenth Circuit, would not cause significant harm to the plaintiffs. Given the current posture of this case, the plaintiffs essentially

agree. However, the plaintiffs have indicated that they reserve the right to revisit the stay based on the timing of proceedings in the Tenth Circuit and their continued litigation against the defendants who do not have a proposed settlement awaiting approval and completion. Given the current posture of this case, I perceive no threat to the public interest if a stay is granted pending resolution of Qwest's petition for writ of mandamus. Finally, while I do not find that Qwest is likely to succeed on its petition for a writ of mandamus, it is conceivable that Qwest could succeed.

In short, given the current posture of this case, the first three factors weigh in favor of granting a stay pending resolution of Qwest's petition for writ of mandamus. That is a sufficient basis to grant a stay, even though I conclude that Qwest is not likely to succeed on its petition for writ of mandamus. However, this balance may change with the status of the plaintiffs' litigation against the two defendants who do not have a proposed settlement awaiting approval and completion. Thus, I will grant a stay subject to modification *sua sponte* by the court, or on a showing of good cause by the plaintiffs, if changed circumstances merit a modification of the stay.

**THEREFORE, IT IS ORDERED** as follows:

1. That Qwest Communications International Inc.'s, unopposed motion to stay production of documents [#926], filed February 23, 2006, is **GRANTED**;

2. That my Order Concerning Qwest's Renewed Motion to Reconsider and to Certify Interlocutory Appeal [#923], filed February 2, 2006, is **STAYED** pending resolution of Qwest's petition for writ of mandamus, filed February 23, 2006, which challenges that order;

3. That the stay is **SUBJECT TO MODIFICATION** *sua sponte* by the court, or on a showing of good cause by the plaintiffs, if changed circumstances merit a modification

of the stay; and

    4.  That if not sooner lifted, the **STAY** shall be lifted ten days after the United States Court of Appeals for the Tenth Circuit issues its ruling on Qwest's petition for writ of mandamus.

    Dated March 10, 2006, at Denver, Colorado.

    **BY THE COURT:**

    **s/ Robert E. Blackburn**
    **Robert E. Blackburn**
    **United States District Judge**