IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 01-cv-1451-REB-PAC
(Consolidated with Civil Action Nos. 01-cv-1472-REB-PAC, 01-cv-1527-REB-PAC, 01-cv-1616-REB-PAC, 01-cv-1799-REB-PAC, 01-cv-1930-REB-PAC, 01-cv-2083-REB-PAC, 02-cv-0333-REB-PAC, 02-cv-0374-REB-PAC, 02-cv-0507-REB-PAC, 02-cv-0658-REB-PAC, 02-cv-755-REB-PAC, 02-cv-798-REB-PAC and 04 cv-0238-REB-PAC)

**In re QWEST COMMUNICATIONS INTERNATIONAL, INC. SECURITIES LITIGATION**

## DECLARATION OF JIM R. CARRIGAN IN SUPPORT OF LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

I, JIM R. CARRIGAN, declare as follows:

### BACKGROUND AND QUALIFICATIONS

1. Since December 1995, I have worked nearly full time with the Judicial Arbiter Group in Denver, Colorado as a mediator and arbitrator. I am one of twenty former trial and appellate judges who provide mediation and arbitration services there. In my practice I have worked primarily in Colorado, but also have mediated or arbitrated major complex civil cases in California, Illinois, Minnesota, New Mexico, New York, Ohio and Utah. I am frequently asked to mediate or arbitrate complex civil cases. Thus, I work almost daily with the parties to complex cases and their attorneys. In this work, I have become familiar with both contingent and hourly fees charged by attorneys in complex civil litigation in this district and elsewhere.

1

2. Prior to joining the Judicial Arbiter Group, I was a trial lawyer, a law professor at four law schools (New York University, Denver University, the University of Washington and the University of Colorado), Justice of the Colorado Supreme Court and, for 16 years, a United States District Judge for the District of Colorado.

3. In Colorado, my practice primarily involved the litigation and trial of civil cases. As a trial lawyer, I was elected a Fellow in both the International Academy of Trial Lawyers and the International Society of Barristers, as well as an Advocate of the American Board of Trial Advocates. I assisted the late Supreme Court Justice Tom C. Clark when he founded and led the National Judicial Colleges and taught for it twice a year for its first 14 years. I was also a co-founder and charter member of the Board of Trustees of the National Institute for Trial Advocacy, which I have served as Chairman of the Board. I have also served on the Board of the American Judicature Society, the Board of Governors of the Association of Trial Lawyers of America, and the Council of the American Bar Association Tort and Insurance Law Section.

4. Also, I served as Colorado State Court Administrator and as a Regent of the University of Colorado. In 1976, I was appointed under the merit selection system as a Justice of the Colorado Supreme Court, and served there from 1976 to 1979.

5. In 1979, I was appointed to the United States District Court for the District of Colorado and served there 16 years. During my time as a district court judge, I sat by designation on the United States Courts of Appeals for the Tenth Circuit and for the

Federal Circuit. As a district judge, I was also appointed by the Chief Justice of the United States Supreme Court to serve on the United States Court of Foreign Surveillance and the United States Judicial Conference Committee on Bankruptcy. My fellow judges elected me to the National Board of Directors of the Federal Judges Association, and as Secretary, Vice President and President (1994-1995) of the Tenth Circuit District Judges Association.

6. For 13 years I was a law professor at the University of Colorado, the University of Denver, the University of Washington and New York University (Post-Graduate Tax Program).

## **DECLARATION**

7. I was asked by attorneys at Lerach Coughlin Stoia Geller Rudman & Robbins ("Lerach Coughlin") to review Lead Counsel's Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds, and Award of Attorneys' Fees and Reimbursement of Expenses. In particular, I was asked to consider their request for an award of fees in an amount equal to 24% of the $400 million recovery obtained in this case. After reviewing the materials, including all the objections submitted by some class members, I agreed to submit this declaration in support of the fee request and have been retained for that purpose.

8. As I understand the settlement, it will resolve the bulk of the securities litigation arising out of the fraud which plaintiffs allege was committed by insiders at

Qwest between May 24, 1999 and July 28, 2002. The Settling Defendants, who include all defendants other than Joseph P. Nacchio and Robert S. Woodruff, have agreed to pay $400 million to the Class for a release of their claims. In addition, the Settlement provides a mechanism whereby the Class members can participate in the proceeds of the $250 million previously recovered by the SEC in its civil case against Qwest.

9. Lead Counsel for the plaintiffs obtained this outstanding result after litigating this case for over four years on a contingent fee basis. During this four-year period, plaintiffs' counsel were not paid and, in fact, paid $2,219,063 in expenses from their own resources to fund the litigation. As detailed in their moving papers, Lead Counsel expended tens of thousands of hours in investigating the case, motion practice and discovery. During this time, they survived several motions to dismiss the various complaints, obtained and reviewed over nine million pages of documents from the defendants and third parties, interviewed dozens of witnesses, took over 50 depositions, fully briefed the class certification issue, litigated a motion for a temporary restraining order, participated in a preliminary injunction hearing, consulted with experts and engaged in lengthy, complex settlement negotiations conducted by two experienced mediators, one of whom I knew as an outstanding U. S. District Judge in Oklahoma.

10. Clearly, no one in good conscience can dispute the enormity of the task or question the amount of effort expended by the Plaintiffs' attorneys. The question now is how to reward the extraordinary and risky effort these attorneys undertook on a

contingent fee basis. Fortunately, the courts of this Circuit long ago arrived at the proper method for awarding attorneys' fees in this type of complex litigation.

11. In recent years, federal courts usually have held that attorneys' fees in common fund cases should be awarded as a percentage of the fund created. The rationale for that approach was revisited by the Third Circuit Task Force in 1985 under the chairmanship of Judge Lee Sarokin. Its highly regarded and oft-cited Report entitled *Court Awarded Attorney Fees*, 108 F.R.D. 237 (1985), reaffirmed that fee awards in common fund cases should be based on a percentage of the recovery. *Task Force Report*, 108 F.R.D. at 254-59.

12. The United States Court of Appeals for the Tenth Circuit affirmed the propriety of the percentage of the fund approach in *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir. 1988) and *Uselton v. Commercial Lovelace Motor Freight*, 9 F.3d 849, 853 (10th Cir. 1993). The reasons federal courts have adopted the percentage of the fund methodology are clear. First and foremost, courts and commentators agree that the percentage method aligns the interest of the Class and its counsel—as the recovery obtained for the Class increases, so do the fees awarded to Class counsel. Second, the percentage of the fund method provides an incentive for attorneys to take on a risky case of this magnitude on a contingent fee basis. Clearly, to attract qualified lawyers to undertake a complex case fraught with risk, and to convince those attorneys to commit enormous amounts of time and money to prosecuting the case, there must be some

reward, if they succeed. The percentage of the fund methodology provides this incentive. Contingent fees have a tremendous advantage to the judicial system because they provide lawyers a strong incentive not to "over lawyer" the case with needless motions, and excessive and overextended depositions, briefs and other papers. Finally, and most importantly, the percentage of the fund methodology rewards superior performance and punishes failure. Therefore, based on both the law and common sense analysis, this Court should award fees based on the percentage of the fund methodology.

13. In this case, the plaintiffs' attorneys have asked for a 24% fee based on their contractual arrangement with the Lead Plaintiffs, which provided for increasing percentages as the amount of recovery increased. This fee arrangement, negotiated by the Lead Plaintiff, which properly provided an incentive for counsel to achieve the best possible recovery for the Class, is entitled to a presumption of reasonableness. *In re Cendant Corp. Litig.*, 264 F.3d 201, 282 (3rd Cir. 2001); *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 536, 466; *In re Lucent Tech Inc. Sec. Litig.*, 327 F. Supp.2d 426, 432 (D.N.J. 2004). Further, the Lead Plaintiffs, who oversaw prosecution of the case, produced documents and sat for depositions as the class representatives, have all submitted declarations supporting both the settlement and the 24% fee request. The fee arrangement and the support of the Lead Plaintiffs should be given deference by this Court in determining the appropriate fee.

14. In addition, an analysis of the *Johnson* Factors,[1] adopted by the Tenth Circuit in *Brown, supra*, 838 F.2d at 454, and *Uselton, supra*, 9 F.3d at 853, also weighs in favor of granting Lead Counsel's fee application. The twelve *Johnson* factors are:

> (1) The time and labor required. . . . (2) The novelty and difficulty of the questions. . . . .(3) The skill requisite to perform the legal service properly. . . .(4) The preclusion of other employment by the attorney due to acceptance of the case. . . .(5) The customary fee [for similar work in the community]. . . .(6) Whether the fee is fixed or contingent. . . .(7) Time limitations imposed by the client or the circumstances. . . .(8) The amount involved and the results obtained. . . .(9) The experience, reputation, and ability of the attorneys. . . .(10) The "undesirability" of the case. . . .(11) The nature and length of the professional relationship with the client. . . .[and] (12) Awards in similar cases.

*Johnson*, 488 F.2d at 717-19.

Plaintiffs' counsel diligently prosecuted this case for almost five years, committing tens of thousands of hours to the litigation. The legal and factual questions were numerous, novel and difficult. Indeed, one only needs to consider the vast number of hours worked by Lead Counsel's forensic accountants to understand that the accounting issues alone were complex and required a massive effort to comprehend. Plaintiffs' counsel demonstrated their expertise and skill in litigating this complex case. Their experience, reputation and ability are beyond question. Lerach Coughlin is considered by many to be the preeminent securities class action litigation firm in the country. Once again, in this

---

[1] The Fifth Circuit originally outlined the factors to be used in considering a fee application in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Since that time, the so-called *Johnson* factors have been widely used by federal courts.

case they demonstrated that their reputation is well deserved. The $400 million recovery is an outstanding result for the Class.

15. However, certain *Johnson* factors are especially pertinent here. In my study of the objections, it became apparent that most of them criticized the fee request from the vantage of hindsight. The objectors point to the request and say it is unreasonable, looking at it for the first time in 2006. Such hindsight analysis is grossly unfair. In fact, courts should look at the risks, disadvantages, and expenses faced by Lead Counsel as of the time when they filed the case in July 2001. At that time, there was no SEC investigation. The United States Attorney's office had not even begun to focus on Qwest. Rather, it was Lead Counsel who identified the fraud at Qwest. It was Lead Counsel who agreed to assume the enormous risk of undertaking this case on a purely contingent basis. There was no guarantee of ever being repaid for their extraordinary investment of time, talent, effort and money. The only certainty was that any payday was uncertain. Accepting those risks, with no guarantee of success, has resulted in the reward, almost five years later, after Lead Counsel has delivered for the Class.

16. Those who object now did not volunteer at the outset to share the risk and expenses or to pay counsel on a non-contingent basis. If they thought the fee agreement was unfair, they could have "voted with their feet" by opting out of the Class and proceeding separately with their claims. But only after letting Lead Counsel bear the brunt of the battle, pursuant to a contract that they did not claim was unfair when entered,

they now complain. Ironically, they seem to imply that if the recovery had been much smaller, the 24% fee would be fine. Thus, they would punish Lead Counsel for having been too successful. Fairness of a contingent fee agreement should be judged at the outset, not through hindsight.

17. The objectors place far too much emphasis on counsel's lodestar as a reason for reducing the fee. Counsel in this case invested an enormous amount of time and money in the prosecution of this litigation, overcame significant risks and obtained an excellent result for the Class. Under these circumstances and based on my experience, a lodestar multiple of 5.1 is reasonable. For all these reasons, the fee request is justifiable.

18. Finally, the fee requested is consistent, and in many cases lower than the fee award in similar cases. In their brief, Lead Counsel have listed the cases from this District and other districts in the Tenth Circuit, where courts have awarded amounts in excess of the 24% requested here. Almost all my trial practice in Colorado was in contingent fee cases, and based on my experience, a 24% fee request for plaintiff's attorneys, working on a pure contingency basis, is substantially lower than that customarily charged in this State. For years, almost all contingent fee agreements in personal injury and similar cases were for 33 1/3%, often with an adder for appeal. Clearly, this case was far more complicated than the typical contingent fee civil case. In more difficult and complex cases, such as medical and hospital malpractice, I usually see 40% charged in cases I mediate.

In conclusion, I believe that the fees requested are reasonable. I respectfully submit that this Court should approve Lead Counsel's application for attorneys' fees in an amount of 24% of the recovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing states my true and correct opinions.

Executed this 21st day of April, 2006, at Boulder, Colorado.

_____
Jim R. Carrigan

CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ KIP B. SHUMAN
KIP B. SHUMAN

DYER & SHUMAN, LLP
801 East 17th Avenue
Denver, CO 80218-1417
Telephone: 303/861-3003
303/830-6920 (fax)
E-mail: kshuman@dyershuman.com

# Mailing Information for a Case 1:01-cv-01451-REB-PAC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **X. Jay Alvarez**
  JayA@lerachlaw.com

- **Timothy Granger Atkeson**
  Tim_Atkeson@aporter.com
  jeffrey_lewis@aporter.com;shelby_hunt@aporter.com;john_freedman@aporter.com;scott_schreiber@aporter.com

- **Michael James Barry**
  mbarry@gelaw.com mhartman@gelaw.com;gfpulver@handf.com

- **Jeffrey Allen Berens**
  jberens@dyershuman.com

- **Terry W. Bird**
  twb@birdmarella.com dh@birdmarella.com

- **David Robert Boyd**
  dboyd@bsfllp.com jmessner@bsfllp.com

- **Jessica Brody**
  jessica_brody@aporter.com jeffrey_lewis@aporter.com;susan_cole@aporter.com;roleen_johnson@aporter.com

- **Spencer A. Burkholz**
  SpenceB@lerachlaw.com e_file_sd@lerachlaw.com

- **John K. Carroll**
  john.carroll@cliffordchance.com

- **Kwame A. Clement**
  Kwame_Clement@aporter.com kclement8688@comcast.net

- **David Lawrence Cook**
  david.cook@cliffordchance.com

- **Jennifer Lynn Coon**
  jlc@birdmarella.com lak@birdmarella.com

- **Merrill Gene Davidoff**
  mdavidoff@bm.net sleo@bm.net

- **Michael J. Dowd**
  MikeD@lerachlaw.com CHaney@lerachlaw.com

- **Mark T. Drooks**
  mtd@birdmarella.com lak@birdmarella.com

- **Stephanie Erin Dunn**
  sdunn@perkinscoie.com sdunn-efile@perkinscoie.com

- **Thomas E. Egler**
  TomE@lerachlaw.com HeatherH@lerachlaw.com

- **Kevin D. Evans**
  kdevans@s-elaw.com tbaksay@s-elaw.com

- **Clyde A. Faatz, Jr**
  cafaatz@handf.com gfpulver@handf.com;kjscholet@handf.com

- **Christopher James W. Forrest**
  cjforrest@handf.com gfpulver@handf.com;kjscholet@handf.com

- **Joshua David Franklin**
  jdf@denverda.org

- **John A. Freedman**
  john_freedman@aporter.com

- **Walter W. Garnsey, Jr**
  wgarnsey@khgk.com smiller@khgk.com

- **Terence C. Gill**
  tgill@sah.com efiling@sah.com;dsikes@sah.com

- **Michael W. Gross**
  mwgross@juno.com mgross@sgattorneys.com

- **Marcy Marie Heronimus**
  mheronim@sah.com efiling@sah.com;peckman@sah.com

- **Michael James Hofmann**
  michael.hofmann@hro.com jackie.delay@hro.com

- **Kevin Brent Huff**
  khuff@khhte.com

- **Shelby Hunt**
  shelby_hunt@aporter.com

- **Roberta A. Kaplan**
  rkaplan@paulweiss.com

- **Curtis L. Kennedy**
  CurtisLKennedy@aol.com

- **Gary Michael Kramer**
  gkramer@bw-legal.com amcarrillo@bw-legal.com

- **William J. Leone**
  William.Leone@usdoj.gov USACO.ECFCivil@usdoj.gov;Dorothy.Burwell@usdoj.gov

- Alfred P. Levitt
  alevitt@bsfllp.com jmessner@bsfllp.com

- Vincent J. Marella
  lak@birdmarella.com

- David Meister
  david.meister@cliffordchance.com

- Jeffrey D. Meyer
  jmeyer@moultonmeyer.com rhuron@moultonmeyer.com

- Charles G. Michaels
  michaels@cmichaelslaw.com

- James D. Miller
  james.miller@cliffordchance.com
  damien.morris@cliffordchance.com;salvatore.dziekan@cliffordchance.com;david.cook@cliffordchance.com

- Robert Nolen Miller
  rmiller@perkinscoie.com rmiller-efile@perkinscoie.com

- Barbara C. Moses
  bmoses@magislaw.com jlaing@magislaw.com

- Edward S. Nathan
  enathan@sgklaw.com lspecter@sgklaw.com

- James E. Nesland
  neslandje@cooley.com foutsdl@cooley.com;inghramjl@cooley.com;calendarreq@cooley.com

- Sharan Nirmul
  snirmul@gelaw.com dlohinetz@gelaw.com

- Robin Lee Nolan
  rnolan@handf.com gfpulver@handf.com;kjscholet@handf.com

- Elissa J. Preheim
  Elissa.Preheim@aporter.com

- Kimberly Wolf Price
  kimberly.wolf@cliffordchance.com

- Thomas Vincent Reichert
  tvr@birdmarella.com vmb@birdmarella.com

- John M. Richilano
  jmr@rglawoffice.net gmiller@rglawoffice.net;jduran@rglawoffice.net;dbrummett@rglawoffice.net

- Eric Tolentino Rillorta
  Eric_Rillorta@aporter.com

- Kenneth F. Rossman, IV

krossman@bsfllp.com

- **Ashley Elizabeth Rupp**
  arupp@magislaw.com

- **Scott Saham**
  scotts@lerachlaw.com

- **Scott B. Schreiber**
  scott_schreiber@aporter.com

- **Arthur M. Schwartz**
  aschwartz@sgattorneys.com dburton@sgattorneys.com

- **Paul Howard Schwartz**
  schwartzph@cooley.com
  foutsdl@cooley.com;colitigation@cooley.com;inghramjl@cooley.com;calendarreq@cooley.com

- **David L. Schwarz**
  dschwarz@khhte.com

- **Edward F. Siegel**
  efsiegel@efs-law.com

- **Joel M. Silverstein**
  jsilverstein@sgklaw.com

- **Jeffrey Allen Smith**
  jsmith1@cooley.com foutsdl@cooley.com;inghramjl@cooley.com;calendarreq@cooley.com

- **Jeffrey Speiser**
  jspeiser@sgklaw.com

- **Herbert J. Stern**
  dpenna@sgklaw.com

- **Jesus Manuel Vazquez, Jr**
  jvazquez@rothgerber.com tclanahan@rothgerber.com

- **James Gregory Waller**
  gregwaller@andrewskurth.com amyprasad@akllp.com;kpiccolo@akllp.com

# Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
I. Walton Bader
Bader & Bader, LLP
50 Main Street
#1000 PMB 1029
White Plains, NY 10601
```

**Fredric C. Clodius**
11015 Millbank Road
King George, VA 22485

**Brian Fitzpatrick**
87 Barrow Street
Apartment 6H
New York, NY 10014

**Geoffrey C. Jarvis**
Grant & Eisenhofer, P.A.
1201 North Market Street
#2100
Wilmington, DE 19801

**C. Mylett**
P.O. Box 1031
Coleman, FL 33521

**New York State Teachers' Retirement System**
Wayne Schneider
Joseph J. Indelicato
10 Corporate Woods Drive
Albany, NY 12211-2395

**Cleo J. Rauchway**
Rothgerber, Johnson & Lyons, LLP
United States District Court Box 11
1200 - 17th Street
#3000
Denver, CO 80202

**William M. Rogers**
606 S. Military Trail
Deerfield Beach, FL 33442

## MANUAL NOTICE LIST

*Defendants:*

David Boies
BOIES, SCHILLER & FLEXNER, LLP
333 Main Street
Armonk, NY 10504
Telephone: 914/749-8200
Fax: 914/749-8300

David W. Shapiro
John F. Cove, Jr.
BOIES, SCHILLER & FLEXNER, LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: 510/874-1000
Fax: 510/874-1460

Holly Stein Sollod
Jennifer H. Weddle
HOLLAND & HART
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Telephone: 303/295-8000
Fax: 303/295-8261

Frederick J. Baumann
James M. Lyons
ROTHGERBER JOHNSON & LYONS LLP
1200 17th Street, Suite 3000
Denver, CO 80202-5839
Telephone: 303/623-9000
Fax: 303/623-9222

Neil Peck
James D. Kilroy
SNELL & WILMER, LLP
One Tabor Center, Suite 1900
1200 Seventeenth Street
Denver, CO 80202
Telephone: 303/634-2000
Fax: 303/634-2020

Charles A. Stillman
Diana Nehro
STILLMAN & FRIEDMAN, P.C.
425 Park Avenue
New York, NY 10022
Telephone: 212/223-0200
Fax: 212/223-1942

*Objectors:*

Alan Henry
ANCHORMEDIA VENTURES
35 Franklin Court So.
St. Petersburg, FL 33711
Telephone: 727/866-3277
Fax: 727/577-7788
      - and –
3 Highfields Lane
Northport, ME 04849
Telephone: 207/338-6670

Michael A. Budin, Chief Counsel
COMMONWEALTH OF PENNSYLVANIA
STATE EMPLOYEES' RETIREMENT
SYSTEM
30 North Third Street, 5th Floor
Harrisburg, PA 17101
Telephone: 717/783-7317
Fax: 717/787-5751