NEXT DAY AIR

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 09 2006

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL Action No. 01-cv-1451-REB-PAC
(Consolidated with Civil Action Nos. 01-cv-1472-REB-PAC, 01-cv-1527-REB-PAC, 01 cv-1616-REB-PAC, 02-cv-1799-REB-PAC, 01-cv-1930-REB-PAC, 01-cv-2083-REB-PAC, 02-CV-033-REB-PAC, 02-CV-0374-REB-PAC, 02-CV-0507-REB-PAC, 02-CV-0658-REB-PAC, 02-cv-755-REB-PAC, 02-cv-798-REB-PAC and 04-cv-0238-REB-PAC)

In re QWEST COMMUNICATIONS INTERNATIONAL, INC. SECURITIES LITIGATION

**DECLARATION OF ALAN HENRY IN REPLY TO LEAD PLAINTIFFS COUNSEL'S MISSLEADING REPLY BRIEF, INAPPROPRIATELY CHARACTERISING THAT SHAREHOLDER'S OBJECTION IS:**
1. **"ANOTHER LAWSUIT', and:**
2. **IN SUPPORT OF THE COURT EXPANDING THE SETTLEMENT PARAMETERS, WITHIN THE COURT'S APPROPRIATE JURISDICTION, TO THE FORMULA SUMITTED BY THE OBJECTOR SHAREHOLDER.**

# AnchorMedia Ventures
### 35 Franklin Court So.  St. Petersburg  Fl 33711
### Fax: (727) 577-7788
### Telephone: (727) 866-3277

May 9, 2006

Clerk of the Court
United States District Court For The
  District of Colorado
United States Courthouse
901 19th Street, Room A-105
Denver, CO  80294

> Re: In re Qwest Communications, Inc
>   Securities Litigation
>   Civil Action No. 01-cv-1451-REB-CBS

I, Alan Henry, am a shareholder in Qwest, initially at the level of 53,029 shares; those shares were the end product of the identified "fraudulent merger" between Qwest and U.S. West.

My Objection to the Class Action Settlement was submitted in a timely manner, to the appropriate parties: In a reply brief, from the plaintiff's attorneys, they assert that my Objection is "another" (different) lawsuit. That is an absolute mischaracterization, and a blatant attempt to shield the real objective of a particular recovery component, in a multi-phased OBJECTION.

While part of my Objection may require a criminal review, ultimately, and we have requested same from the Department of Justice and the Security and Exchange Commission, as well as seeking support from a number of Senators; that was "background".  The second part, of (my) the Objection, dealing with the settlement parameters, does not! Therefore, our Objection is consistent with our rights under the Notice of Pendency. Plaintiff's lawyers knew better.

We hereby petition the Court to expand the settlement parameters, which are fully within the Courts' appropriate jurisdiction, in a manner consistent with the proposal/ concept as offered, or in a formula <u>similar to what we outlined in our Objection, as submitted, to be approved by the Court,</u> for a more reasonable and meaningful recovery for the abused shareholders. Similar concepts have been recently utilized for similar reasons: For one, in the matter of the CONSECO "Class Action". Without detailed analysis, as follows:

- Pay in Kind Debentures, or Convertible Debentures tied to specific financial parameters, allowing for <u>potential</u> growth in equity return. Returns, if any, are dictated by Company performance.
- Options and/or Warrants, similarly structured.
- A specifically designed debt instrument, i.e., "Junk Bond".

Clerk of the Court
May 9, 2006

The settlement as devised, and in it's current form is woefully inadequate, even after including the Security and Exchange Commission contribution of $250M, which, when totaled, amounts to slightly more than just a $1.00 per share; in this funding structure, seemingly, (the) "FRAUD" is being **rewarded**: Hardly something those barristers can deem fair or be proud of. The court need not participate in this "sham".

What is proposed here is additional funding, conceptually as aforementioned, fleshed out by the attorneys, involved in the litigation, consistent with the formula for the current recovery process and to be approved by the Court. That "funding instrument" would have a predetermined date certain, a predetermined interest rate certain, and a total amount of no less the $150 M, in a formula devised by the attorneys, consistent with the pending litigation. The Court must instruct this to be done if there can ever be a fairer resolution of this issue (there will never be a fair resolution).Until such time as the proposed additional funding is achieved, any FINAL APPROVAL must be withheld on the pending Class Action settlement.

Comment: Qwest asserts that they have gone as far as they can (go) in this settlement. THAT ASSERTION RINGS HOLLOW: Curious indeed, as they need to explain to the Court their subsequent $6.2 Billion dollar offer for MCI, and their stated (in national media) objective of a "massive acquisition" program "outside of the communications field". Acquisitions of this magnitude can have, admittedly, significant leverage capability built in, to achieve a "close": Regardless, significant cash is required, and that cash for the mid-term, should only be directed to the defrauded shareholders. As a former CEO (President) of several Public companies, permit me to offer that those assertions of inability to "pay" are in conflict with the broad magnanimous acquisition efforts and statements, of Qwest, which may require scrutiny by the Court in an appropriate forum, if the court so chooses. Further, if found wanting, as it will be, the Court should then instruct the attorneys to devise a supplemental recovery formulation, to be approved by the Court and the shareholders.

We look forward to our appearance at the hearing, to more fully explain our position(s).

Respectfully submitted,

Alan Henry

cc:  See attached list of recipients

Reply Address:
3 Highfields Lane
Northport, ME 02870
Phone: (207) 338-6670

**MANUAL NOTICE LIST**

*Defendants:*

David Boies
BOIES, SCHILLER & FLEXNER, LLP
333 Main Street
Armonk, NY 10504
Telephone: 914/749-8200
Fax: 914/749-8300

David W. Shapiro
John F. Cove, Jr.
BOIES, SCHILLER & FLEXNER, LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: 510/874-1000
Fax: 510/874-1460

Holly Stein Sollod
Jennifer H. Weddle
HOLLAND & HART
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Telephone: 303/295-8000
Fax: 303/295-8261

Frederick J. Baumann
James M. Lyons
ROTHGERBER JOHNSON & LYONS LLP
1200 17th Street, Suite 3000
Denver, CO 80202-5839
Telephone: 303/623-9000
Fax: 303/623-9222

Neil Peck
James D. Kilroy
SNELL & WILMER, LLP
One Tabor Center, Suite 1900
1200 Seventeenth Street
Denver, CO 80202
Telephone: 303/634-2000
Fax: 303/634-2020

Charles A. Stillman
Diana Nehro
STILLMAN & FRIEDMAN, P.C.
425 Park Avenue
New York, NY 10022
Telephone: 212/223-0200
Fax: 212/223-1942

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
KEITH F. PARK
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Lead Counsel for Plaintiffs

BOIES, SCHILLER & FLEXNER LLP
ALFRED LEVITT
5301 Wisconsin Ave., N.W., Suite 800
Washington, DC 20015
Counsel for Settling Defendant Qwest

ARNOLD & PORTER LLP
JOHN FREEDMAN
555 Twelfth Street, N.W.
Washington, DC 20004-1202
Counsel for Defendant Arthur Andersen LLP

*Objectors:*

Michael A. Budin, Chief Counsel
COMMONWEALTH OF PENNSYLVANIA
STATE EMPLOYEES' RETIREMENT
SYSTEM
30 North Third Street, 5th Floor
Harrisburg, PA 17101
Telephone: 717/783-7317