

**COMMONWEALTH OF PENNSYLVANIA**
**STATE EMPLOYEES' RETIREMENT SYSTEM**
**LEGAL OFFICE**
30 NORTH THIRD STREET, SUITE 150
HARRISBURG, PA 17101-1716
TELEPHONE: 717-783-7317
FAX: 717-787-5751
www.sers.state.pa.us



### VIA OVERNIGHT MAIL

May 16, 2006

Clerk of the Court
United States District Court For The
  District Of Colorado
United States Courthouse
901 19th Street, Room A-105
Denver, CO  80294

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLO.

MAY 17 2006

G̶R̶E̶G̶O̶R̶Y̶ C. LANGHAM
CLERK

Re:   In re Qwest Communications International, Inc.
      Securities Litigation
      Civil Action No. 01-cv-1451-REB-CBS

Ladies and Gentlemen:

I am writing on behalf of the Pennsylvania State Employees' Retirement System ("SERS"), pursuant to page 11 of the Notice of Pendency and Partial Settlement of Class Action ("Notice"), to respond to Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Class Counsel") Reply Brief ("R.B.") to SERS' objection to the application for attorneys' fees that has been made therein.

Class Counsel's efforts in this proposed settlement of $400 million have produced less than a 0.05% recovery of economic losses from the class period high, and less than a 1% recovery from when the fraud was revealed. Of the $400 million in settlement proceeds, Class Counsel is seeking a 24% attorneys' fee and another 1% for costs, with the result that the class will receive only 75% of the settlement proceeds, or $300 million. These proceeds are very small compared to investor losses, with the result that an investor's anticipated recovery from the settlement is also very small. Qwest's common stock price fell from $60 per share on March 9, 2000 (the class period high) to $1.49 on July 29, 2002. On approximately 1.6 billion shares outstanding, this represents a market capitalization loss in excess of $80 billion.

In contrast to the fee being sought by Class Counsel, the court in *In Re Cendant Corporation*, 243 F. Supp 2d 166 (2003), determined that a 1.7% attorneys fee was appropriate where "…the fund will benefit more than 119,000 class members **each of**

Clerk of the Court
U.S. District Court for District of CO
May 16, 2006
2

**whom will be receiving a payment of approximately 40 percent of his or her claim.**" 243 F.Supp. at 172 (emphasis supplied). In that case, a calculated lodestar of around $16 million yielded about a 3.43 multiplier. *In Re Cendant Corporation,* 264 F.3d 201, 282. For significantly lesser recovery for the class, Class Counsel is seeking a fee that is at least 5.1 times its loadstar.[1]

According to our calculations, each class member will only be receiving about $0.19 per share *before fees and expenses.* According to the Notice, Class Counsel will be receiving approximately $0.05 per share for its efforts. If the court were to decline to adjust Class Counsel's fee request herein, each class member's already small recovery would be significantly diminished.

The court in *In Re Worldcom, Inc.,* 388 F.Supp 2d 319, 353 (2005), decided to approve a 5.5% fee for class counsel, with a lodestar multiple of 4.0. Also, a 17% fee and 2.13 lodestar multiplier were deemed sufficient compensation for class counsel by the court in *In Re Lucent Technologies,* 327 F.Supp.2d 426 (2004), a case cited by Class Counsel in their R.B. at page 27.

In their reply to SERS' objections, Class Counsel has studiously avoided discussing the merits of their recovery for Qwest shareholders relative to the percentage of damages recovered for other class action securities litigation case shareholders. Class Counsel has relied upon the presumption that its fee agreement is adequate because it was negotiated with lead plaintiffs. R.B. at 15-16. But, of course, the court must protect the absent class members from unreasonable fees and examine such an agreement for its reasonableness for all class members.

SERS avers that the results in this case for the absent class shareholders do not merit such a substantial attorney fee award. When shareholders are receiving only about $0.15 per share on a market loss in excess of $58.00 per share during the class period, a $96 million windfall payment to Class Counsel out of the anemic recovery is inappropriate.

Class Counsel avers that its fee request is appropriate because it is one of the larger settlements of a securities class action. R.B. at 18-19. SERS responds that the settlement is small compared to the damages suffered by class shareholders and that Class Counsel's recovery should be limited in light of that fact. Results should merit considerable weight in the Court's equitable analysis of Class Counsel's fee request.

---

[1] Paragraph 4 of the Declaration of Michael J. Dowd indicates "[T]he total lodestar amount for attorney, inhouse experts and paraprofessionals time based on the firms current rates is $17,129,965.15." This lodestar yields a 5.6 multiple. On page 25 of *Lead Counsel's Motion For Award Of Attorney's Fees And Reimbursement Of Expenses,* the loadstar rises to $18,547,453.65, which yields the 5.1 multiple.

Clerk of the Court
U.S. District Court for District of CO
May 16, 2006
3

    Finally, SERS renews its request that the Court direct that SERS be served with the Court's determination on Class Counsel's fee request, when rendered.

    We hereby certify that we have caused a true copy of this letter to be served upon each of the attorneys listed below.

Respectfully submitted,

Michael A. Budin
Chief Counsel
State Employees' Retirement System

cc:    Keith F. Park, Esq., Lerach Coughlin Stoia Geller Rudman & Robbins LLP
       Alfred Levitt, Esq., Boies, Schiller & Flexner LLP
       John Freedman, Esq., Arnold & Porter LLP