**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  01-RB-1451 (CBS)
(Consolidated with Civil Action Nos. 01-RB-1472, 01-RB-1527, 01-RB-1616, 01-RB-1799, 01-RB-1930, 01-RB-2083, 02-RB-333, 02-RB-374, 02-D-507, 02-RB-658, 02-RB-755; 02-RB-798, 04-RB-238)

In re QWEST COMMUNICATIONS INTERNATIONAL, INC. SECURITIES LITIGATION

[This order applies to Stichting Pensioenfonds ABP v. Qwest, et al, Case No. 04-cv-00238-REB-CBS]

## ORDER GRANTING SMITH & WOODRUFF'S REQUEST FOR CLARIFICATION

**Blackburn, J**

This matter is before me on **Defendants James A Smith and Robert S. Woodruff's Request for Clarification** [#831], filed September 30, 2005.  The motion is granted.

Defendants Smith and Woodruff seek clarification on whether the claims asserted against them were addressed in orders I have issued on motions to dismiss filed by other defendants.  In filings docketed as [#122] and [#158] in ***Stichting Pensioenfonds ABP v. Qwest, et al***, Case No. 04-cv-00238-REB-CBS defendant Smith joined in motions to dismiss filed by defendants Qwest and Nacchio, and in replies filed by Qwest, Nacchio, Anschutz, Slater, Casey, and Mohebbi.  In filings docketed as [#123] and [#160] in the ABP case, defendant Woodruff joined in motions to dismiss and replies filed by defendants Qwest, Anschutz, Slater, Nacchio, and Casey.  The Stichting case has been consolidated with the above captioned case.

On March 29, 2005, I issued an order [#209] in *Stichting Pensioenfonds ABP v. Qwest, et al*, Case No. 04-cv-00238-REB-CBS, prior to its consolidation with the above-captioned case.  That order addressed motions to dismiss filed by defendants Qwest, Anschutz, Slater, Arthur Anderson LLP, Iwan, Hellman, Alvarado Haines, Stephens, Citigorup Global Markets, Inc. and Jack Grubman.  On September 12, 2005, I issued an order [#802] in the consolidated case addressing motions to dismiss Stichting's complaint which motions were filed by defendants Casey, Mohebbi, Tempest and Szeliga.  On September 23, 2005, I issued an order [#882] addressing defendant's Nacchio's motion to dismiss Stichting's complaint.  Again, defendants Smith and Woodruff had joined in parts of the motions to dismiss that were addressed in these orders, and they now seek clarification about whether the claims asserted against them were addressed in the orders specified above.

Because Smith and Woodruff joined in the motions to dismiss addressed in the orders specified above, I conclude that the arguments advanced in those motions, as applicable to Smith and Woodruff, fairly were addressed in those orders.  I have reviewed the documents filed by Smith and Woodruff reflecting their joinder in the motions to dismiss, the relevant portions of the adopted motions and replies, and my orders resolving the relevant motions.  Based on that review, both Smith and Woodruff's motions to dismiss are denied to the extent Smith and Woodruff adopted the arguments of other defendants, as specified in Smith and Woodruff's joinders in the motions to dismiss and replies of other defendants.

In Woodruff's joinder [#123] filed in the Stitching case on September 10, 2004, Woodruff argues also that the claims against him should be dismissed to the extent any of the claims is based on alleged conduct at Qwest that took place after Woodruff left

Qwest on March 2, 2001. Woodruff argues that conduct at Qwest after he left his employment at Qwest cannot support a claim against him. The allegations in the Stitching's First Amended Complaint [#79], filed July 7, 2004, indicate that Woodruff was Qwest's CFO until March, 2001. *First Amended Complaint*, ¶ 501.

Generally, it appears that the Stichting's claims against Woodruff are based on actions taken while Woodruff was employed by Qwest. However, the First Amended Complaint can be read, in some respects, to assert claims against Woodruff based on actions taken after Woodruff left Qwest's employ. Reading the First Amended Complaint as a whole, it is conceivable that the plaintiff could prove facts establishing that information and representations made or approved by Woodruff infected information and representations made by Qwest and others after Woodruff left Qwest's employ.

Applying the standards for dismissal under FED. R. CIV. P. 9 and 12(b)(6), and the PSLRA, as stated in my orders on motions to dismiss in this case, e.g. [#802] and [#882], I conclude that Woodruff is entitled to dismissal of Stitching's claims to the extent any of those claims are based on transactions undertaken by Qwest after March 2, 2001, the date on which Woodruff left Qwest's employment. Nothing in the First Amended Complaint indicates how Woodruff contributed to false statements concerning Qwest transactions that took place after March 2, 2001. Further, Woodruff is entitled to dismissal of Stitching's claims to the extent any of those claims are based on allegedly false or misleading statements made by Qwest or other defendants after March 2, 2001, except to the extent that previous statements made or approved by Woodruff, which allegedly were false and misleading, were incorporated in such later statements made by Qwest or other defendants. Except for repetition of Woodruff's

statements made or approved by Woodruff, nothing in the First Amended Complaint indicates that Woodruff made any false or misleading statements concerning Qwest after March 2, 2001.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants James A Smith and Robert S. Woodruff's Request for Clarification** [#831], filed September 30, 2005, is **GRANTED**;

2. That Woodruff's motion to dismiss, as stated in his joinder [#123], filed September 10, 2004, (***Stichting Pensioenfonds ABP v. Qwest, et al***, Case No. 04-cv-00238-REB-CBS) is **GRANTED** in part;

3. That the claims against Woodruff are **DISMISSED** under FED. R. CIV. P. 12(b)(6) to the extent any of those claims are based on transactions undertaken by Qwest after March 2, 2001;

4. That the claims against Woodruff are **DISMISSED** under FED. R. CIV. P. 12(b)(6) to the extent any of those claims are based on allegedly false or misleading statements made by Qwest or other defendants after March 2, 2001, except to the extent that previous statements made or approved by Woodruff, which allegedly were false and misleading, were incorporated in such later statements made by Qwest or other defendants; and

5. That both Smith and Woodruff's motions to dismiss are **DENIED** to the extent the motions to dismiss are based on Smith and Woodruff's adoption the arguments of other defendants, as specified in Smith and Woodruff's joinders in the motions to dismiss and replies of other defendants, [#122], [#123], both filed September 10, 2005, and [#158], [#160], both filed November 19, 2005, for the reasons stated in my orders addressing the adopted motions to dismiss, [#209], filed March 29, 2005, (***Stichting***

4

*Pensioenfonds ABP v. Qwest, et al*, Case No. 04-cv-00238-REB-CBS), [#802], filed September 12, 2005, and [#882], filed September 23, 2005.

Dated September 19, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**