**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  01-cv-01451-REB-CBS
(Consolidated with Civil Action Nos. 01-cv-01472-REB-CBS, 01-cv-01527-REB-CBS, 01-cv-01616-REB-CBS, 01-cv-01799-REB-CBS, 01-cv-01930-REB-CBS, 02-cv-00333-REB-CBS, 02-cv-00374-REB-CBS, 02-cv-00507-REB-CBS, 02-cv-00658-REB-CBS, 02-cv-00755-REB-CBS; 02-cv-00798-REB-CBS; and 04-cv-00238-REB-CBS)

In re QWEST COMMUNICATIONS INTERNATIONAL, INC. SECURITIES LITIGATION

---

**PARTIAL FINAL JUDGMENT AND
ORDER OF PARTIAL DISMISSAL WITH PREJUDICE**

---

**Blackburn, J.**

This matter is before me on the **Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds** [#928], filed February 27, 2006.  This order incorporates the parties' Stipulation of Partial Settlement [#886], filed November 23, 2005 (Stipulation), and, thus, the capitalized terms in this order refer to terms defined in the Stipulation.   The related issues of attorney fees and expenses are addressed in a separate order, which is issued concurrently with this order. The settlement and the plan of allocation are approved.

**A.  JURISDICTION**

I have jurisdiction over this case under 15 U.S.C. § 78aa, and 28 U.S.C. § 1331.

**B.  BACKGROUND**

This case originated with a class action complaint filed by plaintiff New England Healthcare Employees Pension Fund on July 27, 2001.  That case was docketed as case no. 01-cv-01451.  The fund alleged in its complaint various violations of the federal

securities laws.  A number of similar class action complaints subsequently were filed with

this court, and the related class action complaints were consolidated with case No. 01-cv-

01451.  The operative complaint for the purpose of this class action settlement is the

plaintiffs' fifth amended complaint [#315] in case no. 01-cv-01451, filed February 6, 2004

(Complaint).  The claims asserted in the Complaint are claims for violations of the

Securities Act of 1933 and the Securities Exchange Act of 1934.

On November 23, 2005, after years of active litigation, the lead plaintiffs filed their

unopposed motion for preliminary approval of class action settlement [#887].  On the

same day, the parties also filed a Stipulation of Partial Settlement [#886] (Stipulation),

which contains the terms of the proposed settlement.  The settlement is partial because

two individual defendants, Joseph Nacchio and Robert Woodruff, are excluded from the

settlement.  In essence, the Stipulation requires the Settling Defendants to pay 400 million

dollars into a Settlement Fund for the benefit of the plaintiff class.  In addition, the parties

have agreed to use their best efforts to persuade the Securities and Exchange

Commission (SEC) to permit 250 million dollars held by the SEC to be added to the

Settlement Fund.  Defendant Qwest paid 250 million dollars to the SEC under the terms of

a judgment entered against Qwest and in favor of the SEC in a separate civil suit.  This

fund is referred to as the SEC Distribution Fund.  If the SEC Distribution Fund is not

contributed to the settlement fund, then the plaintiffs may, at their option, terminate the

stipulated settlement.  The Stipulation also contains a plan of distribution, which will

determine how much each plaintiff will receive from the Settlement Fund.

On January 5, 2006, I entered an Order Preliminarily Approving Partial Settlement

and Approving Form and Manner of Notice [#906].  In that order, I certified a plaintiff class

under FED. R. CIV. P.  23(a) and (b)(3) for the purposes of settlement only.  Notice of the

proposed settlement and of the rights of the members of the plaintiff class was delivered

to the members of the class, as directed in that order.

On May 19, 2006, I conducted a hearing to hear argument and objections

concerning the motion now before the court, the **Lead Plaintiffs' Motion for Final**

**Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds**

[#928], filed February 27, 2006.  All parties and members of the putative plaintiff class

who appeared at that hearing and asked to be heard were permitted to present argument

to the court.  In addition, I have reviewed the written objections to the settlement that were

filed with the court.  The deadline for filing objections was March 23, 2006.  Those

objections include objections docketed as [#925], [#942], [#958], [#960], [#962], [#1002],

[#1003], [#1014], [#1016], and [#1041].  The objection of Alan Henry, docketed as

[#1003], was docketed on May 3, 2006, after the deadline for filing objections.  However, I

consider this objection to be timely because it was received by the court, apparently

without processing by the Clerk's office, prior to the deadline.  The objections of Barry

Custer, [#1002],  the Pennsylvania State Employees' Retirement System, [#1014], Tim

Myles, [#1016], and Donald Keller [#1041] were filed and docketed after the deadline for

filing objections.  Having considered the record, the content of these objections, and other

relevant circumstances, I will consider these objections despite their untimely filing.

Finally, I note that the objections docketed as [#941], [#954], and [#967] were withdrawn.

To the extent any of  the objections concern lead counsel's request for an award of

attorney fees and costs, those objections are addressed and resolved in a separate order,

which is issued concurrently with this order.

## C.  STANDARD OF REVIEW

Under FED. R. CIV. P. 23(e)(1)(C), I may approve a settlement that binds members of a class only if the settlement is fair, reasonable, and adequate.  Applying the four considerations noted by the Tenth Circuit, I analyze this issue below.  I note that the Stipulation that details the terms of the settlement is contingent on this court entering a judgment that is "substantially similar in all material respects to the [proposed] Judgment attached" to the Stipulation as Exhibit B.  *Stipulation*, p. 30, ¶ 8.1 (c).  This order and judgment includes all material terms included in the parties' proposed judgment.

## D.  CLASS CERTIFICATION & NOTICE

Again, on January 5, 2006, I entered an Order Preliminarily Approving Partial Settlement and Approving Form and Manner of Notice [#906].  In that order, I certified a plaintiff class under FED. R. CIV. P.  23(a) and (b)(3) for the purposes of settlement only.

For the sake of clarity, I reiterate my findings and conclusions concerning class certification here.  I find that the prerequisites for a class action under Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiffs have represented and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to members of the Class predominate over any questions affecting any individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Pursuant to Fed.R.Civ.P. 23, this court hereby finally certifies this litigation as a class action (for settlement purposes only) on behalf of the following plaintiff class:

all persons who purchased or otherwise acquired Qwest publicly traded securities (including common stock, bonds, and options) from May 24, 1999 through July 28, 2002 ("Class Period"). Excluded from the Class are Defendants and any Persons affiliated with or related to any Defendant. For purposes of this paragraph, the persons affiliated with or related to any Defendant are members of the immediate family of each individual Defendant, any entity in which any Defendant has controlling interest, officers and directors of Qwest and its subsidiaries and affiliates, partners, shareholders, and members of Arthur Andersen LLP, and the legal representatives, heirs, predecessors, successors and assigns of any such excluded party. Also excluded from the Class are those Persons who request exclusion from the Class in such form and manner, and within such time, as the Court shall prescribe. Also excluded from the Class is any current or former officer, director, employee, or agent of Qwest who has been sued by the United States Securities and Exchange Commission in connection with such Person's affiliation with or conduct related to Qwest.

I find and conclude further that notice of the pendency of this litigation as a class action, and of the proposed partial settlement, was given to all Class Members who could be identified with reasonable effort. I note that a notice of a class action and a proposed settlement generally must contain "an adequate description of the proceedings written in objective, neutral terms, that, insofar as possible, may be understood by the average absentee class member." *In re Nissan Motor Corp. Antitrust Litigation* 552 F.2d 1088, 1104 (5th Cir. 1977). The form and method of notifying the class of the pendency of the Litigation as a class action and of the terms and conditions of the proposed partial settlement met the requirements of Fed.R.Civ.P. 23, § 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, the rules of this court, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

## E.  SETTLEMENT ANALYSIS

Again, under FED. R. CIV. P. 23(e)(1)(C), I may approve a settlement that binds

members of a class only if the settlement is fair, reasonable, and adequate.  The Tenth

Circuit has outlined four factors to be considered in assessing whether a proposed

settlement of a class action is fair, reasonable, and adequate:

> 1.  Whether the proposed settlement was fairly and honestly negotiated;
>
> 2.  Whether serious questions of law and fact exist, placing the ultimate
> outcome of the litigation in doubt;
>
> 3.  Whether the value of an immediate recovery outweighs the mere
> possibility of future relief after protracted and expensive litigation; and
>
> 4.  The judgment of the parties that the settlement is fair and reasonable.

***Rutter & Wilbanks Corp. v. Shell Oil Co.***, 314 F.3d 1180, 1188 (10th Cir. 2002)

(citations omitted).  Applying these factors, I conclude that the settlement is fair,

reasonable, and adequate.

**1.  Fair and Honest Negotiation** - Each of the parties is represented by

competent, seasoned attorneys who conducted this litigation vigorously and

professionally.  The plaintiffs' claims were challenged and refined through several

amended complaints and associated motions to dismiss.  Substantial discovery that was

coordinated among various interested parties also was completed before the settlement

was negotiated  fully.  Settlement negotiations also were aided by the assistance of two

mediators.  There is no indication that any of the negotiating parties unfairly was

pressured or coerced into agreeing to the settlement.  In short, the record bears no

indication that the settlement is flawed and potentially unfair because it is founded on

inadequate information, inadequate analysis, or inadequate legal representation.  Further,

the record indicates clearly that the settlement was fairly, honestly, and vigorously negotiated.  I conclude that the settlement was negotiated fairly, honestly, and vigorously. This factor weighs in favor of approval of the settlement.

**2.  Serious Questions of Law and Fact** - This factor requires an examination of whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt.  The presence of such doubt augurs in favor of settlement because settlement creates a certainty of some recovery, and eliminates doubt, meaning the possibility of no recovery after long and expensive litigation.

It is difficult to imagine that anyone familiar with this case could conclude that there are not serious questions of law and fact in this case, or that those issues do not put the ultimate outcome of the litigation in doubt.  Former United States District Judge Layn R. Phillips acted as a mediator in this case.  I agree with his conclusion, as stated in his declaration.  This is "an extremely complex securities action involving numerous difficult and disputed legal and factual issues."  *Qwest's reply* [#982], filed April 28, 2006, Exhibit A - Phillips Decl., ¶ 5.  The crux of the plaintiffs' case is that the defendants caused the price of Qwest's securities to be inflated artificially by making false or misleading statements about Qwest's business and by engaging in a series of improper accounting manipulations in violation of Generally Accepted Accounting Principles.  The accounting issues, the scienter issues, the causation issues, and the damages issues all are complex and problematic.  Presenting these issues to a jury would create substantial risks for all parties, including the plaintiffs.  The risk that a jury would deny recovery to the plaintiffs is substantial.  The settlement creates a certainty of some recovery, and eliminates the risk of no recovery if the litigation were pursued to trial.  I conclude that this litigation presents

serious and complex questions of law and fact that place the ultimate outcome of the litigation in doubt.  This factor weighs in favor of approval of the settlement.

**3.  The Value of an immediate recovery outweighs the possibility of future relief** - In addition to the risk of resolving serious and complex questions of law and fact, pursuing this litigation through trial presents additional risks to the plaintiffs.  Progress of the case likely would be delayed because of related criminal prosecutions; thus, delaying possible recovery for the plaintiffs.  The plaintiffs face a substantial risk that they would not be able to recover on a judgment that would be entered by the court if the plaintiffs were successful at trial.  Although Qwest's financial condition recently has been reported to be improving, the plaintiffs face a substantial risk that a large judgment entered against Qwest would cause Qwest to file bankruptcy.  Even if the plaintiffs were successful at trial, recovery of their claimed damages would not be certain.  Having considered the record in this case and the relevant surrounding circumstances, I find that the value of an immediate recovery outweighs the possibility of future relief.  This factor weighs in favor of approval of the settlement.

**4.  The judgment of the parties that the settlement is fair and reasonable** - Obviously, it is the judgment of lead counsel, who specialize in this type of litigation, that the settlement is fair and reasonable.  That judgment is entitled to some weight in considering this factor.  About 1.3 million potential class members were notified of the proposed settlement.  *Response* [#1049], filed September 22, 2006, p. 1.  Only ten objections to the settlement have been filed.  971 potential class members have requested exclusion from the class.  *Id.*  Although they may not be fully satisfied with the settlement, the vast majority of class members apparently concede that the settlement is fair or, as a

practical matter, likely is the best result that can be achieved.  The settling defendants'
agreement to the terms of the settlement indicates that they believe the settlement is fair
and reasonable.  I find that, with relatively few exceptions, nearly all parties to this case
have concluded that the settlement is fair and reasonable.  This factor weighs in favor of
approval of the settlement.

## F.  OBJECTIONS

**1.  Defendants Nacchio & Woodruff** - Defendants Nacchio and Woodruff assert
objections that fall into two groups.  First, Nacchio and Woodruff object to the settlement,
which excludes them, because the stipulated settlement bars their contractual and
statutory claims for indemnification from Qwest and for contribution from the Settling
Defendants, without Nacchio and Woodruff's consent or adequate consideration.  *Brief in
opposition* [#958], filed March 22, 2006, p.1.  Second, Nacchio and Woodruff argue that a
settlement that excludes them is not, under the circumstances, fair, reasonable, and
adequate.  I overrule Nacchio and Woodruff's objections.

The Private Securities Litigation Reform Act of 1995 (PSLRA) requires that a
"covered person who settles any private action at any time before final verdict or judgment
shall be discharged from all claims for contribution brought by other persons," and
specifies the judgment reduction that is required as to the liabilities of non-settling
defendants who remain in the action.  15 U.S.C. § 78u-4(f)(7).  This bar to contribution
claims is referred to as a Reform Act Bar.  The Stipulation's Reform Act Bar provision is in
¶ 11.1.

The Stipulation includes also a provision that bars the non-settling defendants and
the settling defendants from asserting any claim for indemnification, contribution, or

otherwise, against each other if such a claim is based on, arises out of, or relates to the claims released in the stipulation. *Stipulation*, ¶ 11.2. The parties refer to this provision as the Complete Bar. Nacchio and Woodruff object to this provision because they claim that Qwest is obligated to indemnify Nacchio and Woodruff for any personal liabilities they may incur in this case. Nacchio and Woodruff also object to provisions which, in essence, prohibit the plaintiffs from enforcing a settlement or judgment involving Nacchio or Woodruff to the extent that Qwest or any other released person would be required to reimburse Nacchio or Woodruff.

I have reviewed carefully the Stipulation, Nacchio and Woodruff's objections, Qwest's reply [#982] to the objections of Nacchio and Woodruff, and the applicable law. Based on the reasons stated, arguments advanced, and authorities cited by Qwest in its reply [#982] to Nacchio and Woodruff's objections, I find and conclude that the provisions of the Stipulation challenged by Nacchio and Woodruff are either legally required, or are legally appropriate under the circumstances of this case. Therefore, I overrule Nacchio and Woodruff's objections to the Reform Act Bar and Complete Bar provisions of the Stipulation, and their objections to the related provisions concerning the plaintiffs' enforcement of settlements or judgments involving Nacchio and Woodruff.

Nacchio and Woodruff argue also that the settlement is not fair, reasonable, and adequate because the lead plaintiffs did not attempt to negotiate a settlement that included Nacchio and Woodruff. A partial settlement, they argue, does not eliminate the costs and risks associated with continued litigation, including the possibility of a costly and expensive trial. Nacchio and Woodruff claim also that their exclusion from settlement

negotiations "belies the fairness and honesty of the negotiations leading to [the] proposed partial settlement." *Brief in opposition* [#958], filed March 22, 2006, p. 22.

To the extent Nacchio and Woodruff argue that their exclusion from the settlement is unfair to the plaintiff class, I conclude that Nacchio and Woodruff do not have standing to assert the interests of the plaintiff class as a basis to challenge the settlement. To the extent the fair, reasonable, and adequate requirement of Rule 23 can be read to apply to defendants, I conclude that the settlement meets that requirement as to Nacchio and Woodruff. The specific provisions of the Stipulation that Nacchio and Woodruff have challenged are both lawful and reasonable. I overrule the objections of Nacchio and Woodruff.

**2. Class Member Objections** - The objections filed by members of the plaintiff class fall into three general categories: 1) that the notice provided to class members was inadequate; 2) that the amount of the settlement fund is inadequate in comparison to the losses suffered by the plaintiffs; and 3) that the plaintiffs' lead counsel's request for an award of attorney fees and costs is excessive. Again, I consider and resolve all objections to lead counsel's request for an award of attorney fees and costs in a separate order, which is issued concurrently with this order.

I concluded above that the notice provided to members of the class was legally adequate. Objector Brian Fitzpatrick argues that the notice was inadequate because it does not contain a more detailed analysis of the damages that might be claimed at trial, and because the notice does not indicate that class counsel is to be paid their fees before class members are paid their share of the settlement. Objectors, Eldon Graham, Hazel Floyd, Mary M. Hull, and the Association of U.S. West Retirees, jointly argue that the

notice is inadequate because its explanation of how the settlement fund will be distributed is confusing, because the notice implies that the amount of lead counsel's fees and costs will not exceed 5.2 million dollars, and because the details of lead counsel's request for attorney fees were not adequately explained in the notice.  The level of detail sought by these objectors is not required by Rule 23.

The other objections largely revolve around the claim that the settlement fund is inadequate in comparison to the losses suffered by the class members.  Some objectors argue that they will recover from the settlement only a small percentage of the losses they suffered.  Even if I assume that the class will recover only a small percentage of the damages it suffered as a result of the defendants' alleged wrongs, that assumption does not necessarily make the settlement unfair, unreasonable, and inadequate.  As discussed above, the realistic alternatives which might lead to a greater recovery also present substantial risks, including the risk of no recovery.  Considering all of the relevant circumstances, I conclude that the amount of the settlement fund is fair, reasonable, and adequate.

A few other objectors have raised other objections, which I have reviewed and considered but will not outline here.  Having reviewed all of the objections, excluding objections to lead counsel's request for an award of attorney fees and costs, I overrule the objections filed by class members and any class members who may have chosen to be excluded from the class.

## G.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the parties' Stipulation of Partial Settlement [#886], filed November 23, 2005 (Stipulation), including the definitions contained therein, is incorporated  by reference in this order and judgment.

2.  That under Fed.R.Civ.P. 23, this court hereby finally certifies this litigation as a class action (for settlement purposes only) on behalf of the following plaintiff class:

> all persons who purchased or otherwise acquired Qwest publicly traded securities (including common stock, bonds, and options) from May 24, 1999 through July 28, 2002 ("Class Period").  Excluded from the Class are Defendants and any Persons affiliated with or related to any Defendant.  For purposes of this paragraph, the persons affiliated with or related to any Defendant are members of the immediate family of each individual Defendant, any entity in which any Defendant has controlling interest, officers and directors of Qwest and its subsidiaries and affiliates, partners, shareholders, and members of Arthur Andersen LLP, and the legal representatives, heirs, predecessors, successors and assigns of any such excluded party.  Also excluded from the Class are those Persons who request exclusion from the Class in such form and manner, and within such time, as the Court shall prescribe.  Also excluded from the Class is any current or former officer, director, employee, or agent of Qwest who has been sued by the United States Securities and Exchange Commission in connection with such Person's affiliation with or conduct related to Qwest.

3.  That under Rule 23 of the Federal Rules of Civil Procedure, I approve the settlement on the terms set forth in the Stipulation as fair, reasonable and adequate to the Class, and the Settling Parties are directed to consummate the Stipulation in accordance with its terms and conditions.

4.  That the Litigation is hereby dismissed with prejudice and without costs as against any of the Settling Defendants or the Released Persons.

5.   That except as to any claim of any individual or entity (identified on Exhibit 1 to this order) who has validly and timely requested exclusion from the Class on the Effective

Date, as that term is defined in the Stipulation, Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have: (I) fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release, (ii) convenanted not to sue any of the Released Persons or otherwise to assert, directly, or indirectly, any of the Released Claims against any of the Released Persons, and (iii) agreed to be forever barred and enjoined from doing so, in any Court of law or equity, or in any other forum.

6.    That on the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have fully, finally, and forever released, relinquished and discharged the Lead Plaintiffs, each and all of the Class Members (except as to any individual or entity who has validly, timely, and completely requested exclusion from the Class), and Lead Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation, or the Released Claims.

7.    That neither the Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons or Non-Settling Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons or Non-Settling Defendants in any civil, criminal or administrative proceeding in any Court, administrative agency or other tribunal.  Released Persons may file the Stipulation and/or

the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.  That in accordance with Section 21 D-4(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7)(A), each of the Released Persons by virtue of this Judgment is discharged from all claims for contribution that have been or may hereafter be brought by or on behalf of any of the Non-Settling Defendants or any of the Settling Defendants based on, relating to, or arising out of the Released Claims. Accordingly, (I) the Non-Settling Defendants are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any such claim for contribution against any Released Person based on, relating to, or arising out of the Released Claims, and (ii) the Released Persons are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for contribution against the Non-Settling Defendants based on, relating to, or arising out of the Released Claims. For purposes of Paragraphs 8, 9, 10, and 11, of this Judgment only, Non-Settling Defendants shall include any Person who Lead Plaintiffs may hereafter sue based on, relating to, or arising out of the Released Claims ("Reform Act Bar Order").

9.  That the Non-Settling Defendants and the Settling Defendants are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim, if any, however styled, whether for indemnification, contribution, or otherwise and whether arising under state, federal, or common law, against the Released Persons based on, arising out of, or relating to the Released Claims; and the Released Persons

are permanently barred, enjoined, and restrained from commencing, prosecuting , or

asserting any other claim, if any, however styled, whether for indemnification, contribution,

or otherwise and whether arising under state, federal, or common law against the Non-

Settling Defendants based on, arising out of, or relating to the Released Claims (the

"Complete Bar Order").

10. That to the extent (but only to the extent) not covered by the Reform Act Bar

Order and/or the Complete Bar Order, the Lead Plaintiffs, on behalf of themselves and the

Class, further agree that they will reduce or credit any settlement or judgment (up to the

amount of such settlement or judgment) they may obtain against the Non-Settling

Defendant by an amount equal to the amount of any settlement or final, non-appealable

judgment that a Non-Settling Defendant may obtain against any of the Released Persons

based on, arising out of, relating to, or in connection with the Released Claims or the

subject matter thereof.  In the event that a settlement is reached between Lead Plaintiffs

or the Class and a Non-Settling Defendant, or final judgment is entered in favor of the

Lead Plaintiffs or the Class against the Non-Settling Defendant before the resolution of

that Non-Settling Defendant's potential claims against any Released Person, any funds

collected on account of such settlement or judgment shall not be distributed, but shall be

retained by the Escrow Agent pending the resolution of any potential claim by the Non-

Settling Defendant claim against such Released Person(s) as provided in Paragraphs

11.3 and 11.4 of the Stipulation.  In the event a Non-Settling Defendant asserts a claim

against a Released Person related to any claim or judgment asserted against that Non-

Settling Defendant, or settlement entered into by that Non-Settling Defendant, arising from

or related to a claim asserted against that Non-Settling Defendant by Lead Plaintiffs or

any other Class Member, Qwest Communications International, Inc., agrees to pay the reasonable costs of defending any such claim that may be asserted against any Released Person by any Non-Settling Defendant, and any such Released Person shall defend against such claim in good faith and will not settle such claim without the prior written consent of Lead Counsel and Qwest Communications International, Inc., which consent shall not be unreasonably withheld.

11.   That the Class will not settle any claim or judgment against a Non-Settling Defendant without obtaining from the Non-Settling Defendant the release of any and all claims the Non-Settling Defendant may have against any of the Released Persons based on, arising out of, relating to, or in connection with the Released Claims or the subject matter thereof; provided that each Settling Defendant shall execute and provide the Non-Settling Defendant a release in a form that is satisfactory both to the Settling Defendants and the Non-Settling Defendant.

12.   That any Plan of Allocation submitted by Lead Plaintiffs' or Lead Counsel or any order regarding any attorneys' fees and expense application shall in no way disturb or affect this Judgment and shall be separate and apart from this Judgment.

13.   That without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Litigation; and (d) the Settling Parties for purpose of construing, enforcing, and administering the Stipulation.

14.   That this Partial Final Judgment and Order of Partial Dismissal, the Plan of Allocation, the Stipulation of Partial Settlement, and all related pleadings, orders, agreements, and/or proceedings in connection with the Partial Settlement, as well as the Court's approvals, rulings, and/or findings in and in connection with the Partial Settlement: 1) shall be completely without prejudice to the Non-Settling Defendants' rights to oppose class certification in this Litigation; and 2) shall not be construed as or received in evidence as an admission, concession, or presumption that class certification is appropriate as to plaintiffs' claims against the Non-Settling Defendants.

15.   That the Court finds that, at all times in connection with the institution, prosecution, defense, and resolution of the Litigation, no Settling Party violated the provisions of Fed.R.Civ.P.11.

16.   That no Person shall have any claim against Lead Counsel or the Claims Administrator, or their counsel, based on distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further order(s) of the Court.  No person shall have any claim whatsoever against Settling Defendants, Settling Defendants' counsel, or any Released Persons arising from or related to any distributions made, or not made, from the Settlement Fund.

17.   That without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.   That in the event that the Effective Date does not occur, this Order and Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

19.  That judgment shall enter in favor of the plaintiff class as defined in this order

and against the Settling Defendants, as that term is defined in the Stipulation, on the

terms outlined in this order.

20.  That the **Lead Plaintiffs' Motion for Final Approval of Class Action**

**Settlement and Plan of Allocation of Settlement Proceeds** [#928], filed February 27,

2006, is **GRANTED** on the terms outlined in this order.

Dated September 28, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**