**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  01-cv-01451-REB-CBS
(Consolidated with Civil Action Nos. 01-cv-01472-REB-CBS, 01-cv-01527-REB-CBS, 01-cv-01616-REB-CBS, 01-cv-01799-REB-CBS, 01-cv-01930-REB-CBS, 02-cv-00333-REB-CBS, 02-cv-00374-REB-CBS, 02-cv-00507-REB-CBS, 02-cv-00658-REB-CBS, 02-cv-00755-REB-CBS; 02-cv-00798-REB-CBS; and 04-cv-00238-REB-CBS)

In re QWEST COMMUNICATIONS INTERNATIONAL, INC. SECURITIES LITIGATION

**ORDER GRANTING QWEST'S UNOPPOSED MOTION SEEKING RELIEF
FROM JUDGMENT UNDER F**ED. **R. C**IV. **P.  60(a)**

**Blackburn, J.**

This matter is before me on defendant **Qwest's Unopposed Motion Seeking Relief from Judgment under Fed. R. Civ. P. 60(a) Or, in the Alternative, to Alter or Amend Judgment under Fed. R. Civ. P. 59(e)** [#1061], filed October 10, 2006.  I have reviewed the motion and the record in this case, and conclude that the motion should be granted.

My Order of Partial Dismissal with Prejudice [#1050], filed September 29, 2006, included a provision directing that judgment enter in favor of the plaintiff class and against the settling defendants.  As Qwest notes in its motion, the stipulated settlement between the settling defendants, including Qwest, and the plaintiffs contemplated the dismissal of the plaintiffs' claims against the settling defendants, including Qwest, with prejudice and without costs.  However, the settlement did not contemplate the entry of judgment in favor of the plaintiff class against the settling defendants.  Entry of a judgment against the settling defendants conflicts with the intent of the settling parties.

The inclusion of a provision requiring entry of judgment in favor of the plaintiff class against the settling defendants, as directed in my Order of Partial Dismissal with Prejudice [#1050], filed September 29, 2006, constitutes clerical error under FED. R. CIV. P. 60(a).  This error should be corrected.

I note also that judgment was entered erroneously in ***Stichting Pensioenfonds, ABP, v. Qwest Comm. Intl. Inc., et al.***, 04-cv-238-REB-PAC [#232].  The plaintiff in this case, Stichting Pensioenfonds, ABP opted out of the settlement class.  Therefore, judgment in the Stichting case should not have entered based on the settlement between the settlement class and the settling defendants.  Therefore, the judgment entered in the Stichting case [#232], filed October 2, 2006, should be vacated.

This above-captioned case was closed administratively by my order [#1054], filed September 29, 2006.  I will re-open this case for the purpose of resolving Qwest's motion, and then will again close this case administratively.

**THEREFORE, IT IS ORDERED** as follows:

1.  That this case is **RE-OPENED** for the purpose of resolving Qwest's motion;

2.  That defendant **Qwest's Unopposed Motion Seeking Relief from Judgment under Fed. R. Civ. P. 60(a) Or, in the Alternative, to Alter or Amend Judgment under Fed. R. Civ. P. 59(e)** [#1061], filed October 10, 2006, is **GRANTED**;

3. That this Court's September 29, 2006 Partial Final Judgment And Order of Partial Dismissal with Prejudice [#1050], filed September 29, 2006, **SHALL BE AMENDED** and the following language shall be substituted for and replace what had been Paragraph 19 of that Order:

> Pursuant to FED. R. CIV. P. 54(b), it is hereby certified that (1) this is a final order, and (2) no just reason for delay of entry of judgment under the terms of the Stipulation exists. In connection with this certification, the

Court specifically finds that the claims under review are separable from the others remaining to be adjudicated, that the nature of the claims already determined are such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals, and that certification will facilitate the prompt distribution of the Settlement Fund to the Settlement Class Members. Accordingly, judgment shall be entered on the terms of the Stipulation.

3. That the Judgment [#1057] entered in this case on October 2, 2006, **SHALL BE AMENDED** to conform with the Partial Final Judgment And Order Of Partial Dismissal With Prejudice [#1050], filed September 29, 2006, as amended by this Order;

4. That each Judgment entered on October 2, 2006 in those cases listed below **SHALL BE AMENDED** to conform with the Partial Final Judgment And Order Of Partial Dismissal With Prejudice [#1050], filed September 29, 2006, as amended by this Order:

*Stanton Disc Pharm, et al v. Qwest Comm. Intl. Inc., et al.*, 01-cv-1472-REB-PAC (#15);

*Barry, et al v. Qwest Comm. Intl. Inc., et al.*, 02-cv-507-REB-PAC (#6);

*Brody, et al v. Qwest Comm Intl Inc., et al.*, 02-cv-374-REB-PAC (#13);

*Cline, et al v. Qwest Comm. Intl. Inc., et al.*, 01-cv-1799-REB-PAC (#8);

*Herbert S. Cohen Trust, et al v. Qwest Comm. Intl. Inc, et al.*, 02-cv-333-REB-PAC (#15);

*Grady, et al v. Qwest Comm. Intl. Inc., et al.*, 01-cv-1616 REB-PAC (#12);

*Tabacoff, et al v. Qwest Comm. Intl. Inc., et al.*, 02-cv-798-REB-PAC (#10);

*Tanner, et al v. Qwest Comm. Intl. Inc., et al.*, 01-cv-1930-REB-PAC (#6);

*Urquhart, et al v. Qwest Comm. Intl. Inc., et al.*, 01-cv-1527-REB-PAC (#15);

*Wollman, et al v. Qwest Comm. Intl. Inc.*, 02-cv-755-REB-PAC (#11);

*Abdelnour, et al v. Qwest Comm. Intl. Inc, et al*, 02-cv-658-REB-PAC (#10);

5. That the judgment previously entered in *Stichting Pensioenfonds, ABP, v. Qwest Comm. Intl. Inc., et al.*, 04-cv-238-REB-PAC [#232], filed October 2, 2006, **SHALL BE VACATED**;

6. That under D.C.Colo.LCivR 41.2 this consolidated action again is **CLOSED ADMINISTRATIVELY** pending the resolution of the criminal charges against defendant Nacchio in *USA v. Nacchio*, Case No. 05-cr-00545 (D. Colo.); and

7. That any party may seek to lift the stay and administrative closure on a showing that the criminal charges against Nacchio have been resolved, or on a showing of other good cause.

Dated January 8, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**