# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 01-cv-01451-REB-CBS
(Consolidated with Civil Action Nos. 01-cv-01472-REB-CBS, 01-cv-01527-REB-CBS, 01-cv-01616-REB-CBS, 01-cv-01799-REB-CBS, 01-cv-01930-REB-CBS, 02-cv-00333-REB-CBS, 02-cv-00374-REB-CBS, 02-cv-00507-REB-CBS, 02-cv-00658-REB-CBS, 02-cv-00755-REB-CBS; 02-cv-00798-REB-CBS; and 04-cv-00238-REB-CBS)

In re QWEST COMMUNICATIONS INTERNATIONAL, INC. SECURITIES LITIGATION

**ORDER DENYING MOTIONS FOR AWARD OF ATTORNEY FEES AND EXPENSES**

**Blackburn, J.**

This matter is before me on the following motions:

1) **Motion by Intervenors/Objectors Graham, Floyd, Hull and AUSWR To Re-Open Administrative Proceedings and for Leave To File Motion for Award of Fees and Costs** [#1060], filed October 5, 2006;

2) **Motion by Intervenors/Objectors Graham, Floyd, Hull and AUSWR for Award of Fees and Costs** [#1062], filed October 10, 2006;

3) **Motion by Intervenors/Objectors Graham, Floyd, Hull and AUSWR To Alter or Amend Judgment Under FED. R. CIV. P. 59(d) To Include Award of Fees and Costs for Graham Objectors** [#1063], filed October 10, 2006;

4) **Motion by Intervenors/Objectors Flanagan and Reiner To Re-Open Administrative Proceedings and For Leave To File Motion for Award of Fees and Costs** [#1066], filed October 12, 2006; and

5) **Motion by Intervenors/Objectors Reiner and Flanagan for Award of Fees**

**and Costs** [#1079], filed November 15, 2006.

The two motions to re-open this case [#1060 & #1066] for the purpose of resolving the other motions are unopposed. The other motions are opposed.

### I. MOTIONS OF GRAHAM, FLOYD, HULL AND AUSWR

The motions filed by objectors Graham, Floyd, Hull, and AUSWR [#1062 & #1063] both concern the request of these objectors for an award of attorney fees and costs. Lead counsel for the plaintiff class filed a response [#1075] stating lead counsel's opposition to the motion of objectors Graham, Floyd, Hull, and AUSWR for an award of attorney fees. Lead counsel opposes the motion, but has agreed voluntarily to pay the full amount of attorney fees and costs sought by objectors Graham, Floyd, Hull, and AUSWR from the attorney fees and costs previously awarded to lead counsel by the court. *Lead Counsel's Response to the Motion by Intervenors/Objectors Graham, Floyd, Hull and AUSWR for Award of Fees and Costs* [#1075], filed October 30, 2006, pp. 2 - 3. I accept lead counsel's offer and approve this proposal.

If lead counsel has not already paid the amount sought by objectors Graham, Floyd, Hull, and AUSWR, then I direct that lead counsel pay 64,570.60 dollars to counsel for objectors Graham, Floyd, Hull, and AUSWR on or before August 20, 2007. Given lead counsel's offer, the motion of Graham, Floyd, Hull, and AUSWR for an award of attorney fees and costs, and their motion to alter the judgment to include that award, should be denied as moot.

### II. MOTIONS OF REINER AND FLANAGAN

Lead counsel has not offered a similar accommodation to objectors Reiner and

Flanagan. Rather, lead counsel, on behalf of the plaintiff class, opposes any award of attorney fees and costs to counsel for objectors Reiner and Flanagan. After this case was settled, lead counsel sought an award of attorney fees of about 96 million dollars, and an award of costs totaling over two million dollars. In my order [#1051], filed September 29, 2006, I analyzed the various factors relevant to an award of attorney fees in the context of this case. Ultimately, I awarded attorney fees in the amount of 60 million dollars to lead counsel, concluding that 60 million dollars strikes a reasonable balance among the relevant factors. I noted one item of costs, in-house copying charges, that appeared excessive, but declined the invitation to have the court and counsel for the various parties perform a detailed analysis of the costs sought by lead counsel. Rather, I awarded lead counsel two million dollars in costs, which is about 219,000 dollars less than lead counsel sought.

Objectors Reiner and Flanagan argue that their counsel made a significant contribution to the objectors' efforts to reduce the attorney fees award to lead counsel "by providing written evidence in an adversarial context in which this Court could evaluate the fairness" of lead counsel's attorney fees request. Reiner and Flanagan argue that they were the only objectors to "offer detailed and substantive grounds, along with evidence in support of their position that the fees and expenses **should not exceed 15.10%** of the Settlement Fund." *Reiner and Flanagan's motion for award of fees and costs* [#1079], filed November 15, 2006, p. 4 (emphasis in original).

Generally, objectors to a class action settlement may be awarded attorney fees when the objectors "produce an improvement in the settlement worth more than the fee they are seeking; otherwise they have rendered no benefit to the class." **Reynolds v.**

3

***Beneficial Nat. Bank***, 288 F.3d 277, 288 (7th Cir. 2002).  In their objection [#962], filed March 23, 2006, Reiner and Flanagan argued, like many other objectors, that lead counsel's request for an award of 96 million dollars in attorney fees was excessive. They noted how the requested amount was 24 percent of the settlement fund, and was more than five times the lodestar amount.  These two figures were cited routinely by those who objected to lead counsel's attorney fees request.  Reiner and Flanagan cited an article discussing attorney fee awards in common fund class action cases and, based on that article, proposed an award no greater than 15.1 percent of the common fund in this case.  My award of 60 million dollars in attorney fees is 15 percent of the settlement fund in this case.

      The fact that Reiner and Flanagan proposed an attorney fees award of no more than 15.1 percent, and that I awarded 15 percent of the settlement fund in attorney fees, its little more than a coincidence.  As I noted in my Order Awarding Attorney Fees and Expenses [#1051], filed September 29, 2006,

> neither the lead plaintiffs nor any objector has proposed a persuasive analytical scheme that explains why high percentages or high lodestar multiples are awarded in some cases, and lower percentages or lodestar multiples are awarded in other cases. For the purposes of this case, I conclude that the awards in similar cases convey two fundamental messages that are applicable to this case. First, lead counsel who create a common fund for the benefit of a class are rewarded with fees that often are at least two times the reasonable lodestar figure, and in some cases reach as high as five to ten times the lodestar figure. Second, judging an attorney fee award solely as a percentage of the common fund or solely as a lodestar multiple does not adequately accommodate all relevant considerations.

Because lodestars and percentages do not adequately accommodate all relevant considerations, I analyzed the various relevant factors in detail in my Order Awarding Attorney Fees and Expenses [#1051].  While I considered the percentage cap

4

proposed by Reiner and Flanagan when considering lead counsel's request for an award of attorney fees, I concluded that imposing a blanket percentage cap simply does not adequately accommodate all relevant considerations.

Reiner and Flanagan's percentage cap proposal did not have a meaningful impact on the ultimate determination of lead counsel's request for an award of attorney fees.  Under these circumstances, I conclude that Reiner and Flanagan are not entitled to an award of attorney fees and expenses because their efforts as objectors did not produce a significant improvement in the settlement for the settlement class.  Reiner and Flanagan's motion should be denied.

### III.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion by Intervenors/Objectors Graham, Floyd, Hull and AUSWR To Re-Open Administrative Proceedings and for Leave To File Motion for Award of Fees and Costs** [#1060], filed October 5, 2006, is **GRANTED**;

2. That the **Motion by Intervenors/Objectors Graham, Floyd, Hull and AUSWR for Award of Fees and Costs** [#1062], filed October 10, 2006, is **DENIED** as moot;

3. That the proposal of lead counsel to pay counsel for objectors Graham, Floyd, Hull, and AUSWR 64,570.60 dollars for their attorney fees and costs is **APPROVED**;

4. That if lead counsel has not already paid this sum to counsel for objectors Graham, Floyd, Hull, and AUSWR, then lead counsel **SHALL PAY** 64,570.60 dollars to counsel for objectors Graham, Floyd Hull, and AUSWR on or before August 20, 2007;

5. That the **Motion by Intervenors/Objectors Graham, Floyd, Hull and AUSWR To Alter or Amend Judgment Under FED. R. CIV. P. 59(d) To Include Award of Fees and Costs for Graham Objectors** [#1063], filed October 10, 2006, is **DENIED** as moot;

6. That the **Motion by Intervenors/Objectors Flanagan and Reiner to Re-Open Administrative Proceedings and For Leave to File Motion for Award of Fees and Costs** [#1066], filed October 12, 2006, is **GRANTED**;

7. That the **Motion by Intervenors/Objectors Reiner and Flanagan for Award of Fees and Costs** [#1079], filed November 15, 2006, is **DENIED**;

8. That under **D.C.COLO.LCivR 41.2** this consolidated action again is **CLOSED ADMINISTRATIVELY** pending the resolution of the appeal of the criminal convictions of defendant Nacchio in ***USA v. Nacchio***, Case No. 05-cr-00545-EWN (D. Colo.); and

9. That any party may seek to lift the stay and administrative closure on a showing that the appeal of the criminal convictions of defendant Nacchio has been resolved, or on a showing of other good cause.

Dated July 17, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**