**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 01-cv-1451-REB-PAC
(Consolidated with Civil Action Nos. 01-cv-1472-REB-PAC, 01-cv-1527-REB-PAC, 01-cv-1616-REB-PAC, 01-cv-1799-REB-PAC, 01-cv-1930-REB-PAC, 01-cv-2083-REB-PAC, 02-cv-0333-REB-PAC, 02-cv-0374-REB-PAC, 02-cv-0507-REB-PAC, 02-cv-0658-REB-PAC, 02-cv-755-REB-PAC, 02-cv-798-REB-PAC and 04-cv-0238-REB-PAC)

In re QWEST COMMUNICATIONS INTERNATIONAL, INC. SECURITIES LITIGATION

---

**LEAD PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT WITH ALL REMAINING DEFENDANTS**

---

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   HISTORY OF THE LITIGATION............................................................................ 3

III.  THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY
      APPROVAL ...................................................................................................... 7

IV.   SCHEDULE OF EVENTS.................................................................................... 12

V.    CONCLUSION.................................................................................................. 13

# TABLE OF AUTHORITIES

**Page**

## CASES

*Alvarado Partners, L.P. v. Mehta*,
　　723 F. Supp. 540 (D. Colo. 1989) ......................................................................... 7

*Cotton v. Hinton*,
　　559 F.2d 1326 (5th Cir. 1977) ............................................................................. 7

*Gottlieb v. Wiles*,
　　11 F.3d 1004 (10th Cir. 1993) ............................................................................. 9

*Grady v. De Ville Motor Hotel, Inc.*,
　　415 F.2d 449 (10th Cir. 1969) ............................................................................. 7

*Jones v. Nuclear Pharmacy, Inc.*,
　　741 F.2d 322 (10th Cir. 1984) ............................................................................. 9

*New Eng. Health Care Employees Pension Fund v. Woodruff, et al.*,
　　512 F.3d 1283 (10th Cir. 2008) ........................................................................... 5

*Officers for Justice v. Civil Serv. Comm'n*,
　　688 F.2d 615 (9th Cir. 1982) .............................................................................. 7

*United States v. Nacchio*,
　　519 F.3d 1140 (10th Cir. 2008) ........................................................................... 6

## STATUTES, RULES AND REGULATIONS

Federal Rule of Civil Procedure
　　Rule 23(e) ..................................................................................................... 7, 11

District of Colorado
　　Local Rule 7.1 ................................................................................................... 1

**Page**

**SECONDARY AUTHORITIES**

*Manual for Complex Litigation, Fourth (Ann.)*(Federal Judicial Center 2008)
　　§13.14 ............................................................................................................. 8

5 James Wm. Moore, *Moore's Federal Practice* (3d ed. 2008)
　　¶23.87............................................................................................................. 12

## I.    INTRODUCTION

Lead Plaintiffs in this action have reached a proposed settlement with the two remaining defendants, Joseph P. Nacchio and Robert S. Woodruff (the "Settling Defendants"). Subject to the preliminary and final approvals by this Court, this settlement will completely resolve this action.

This unopposed motion[1] is submitted by Lead Plaintiffs in support of their request for entry of the proposed Order Preliminarily Approving a Settlement and Approving Form and Manner of Notice ("Notice Order") submitted herewith as Exhibit A to the Stipulation of Settlement dated as of August 4, 2008 ("Stipulation"). The Notice Order will: (a) preliminarily approve the proposed settlement of this class action with the Settling Defendants on the terms set forth in the Stipulation;[2] (b) approve the Settling Parties' proposed form and method for giving notice of the pendency of this action and the settlement to the putative N&W Class; (c) direct that the notice be given to N&W Class Members as approved by the Court; and (d) schedule a Settlement Hearing at which the Court considers: (i) the Settling Parties' and Qwest's request for final approval of the settlement and entry of the proposed Final Judgment and Order of Dismissal with

---

[1]    Pursuant to Local Rule 7.1, Lead Counsel has conferred with counsel for Nacchio, Woodruff and Qwest. No party opposes this motion.

[2]    All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Stipulation. Attached as exhibits to the Stipulation are: proposed Order Preliminarily Approving Settlement and Approving Form and Manner of Notice (Exhibit A); Notice of Pendency and Settlement of Class Action (Exhibit A-1); Proof of Claim and Release (Exhibit A-2); Summary Notice (Exhibit A-3); and proposed Final Judgment and Order of Dismissal With Prejudice (Exhibit B).

Prejudice; (ii) the Plan of Allocation of settlement proceeds; and (iii) Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses and Lead Plaintiffs' request for reimbursement of their expenses (including lost wages).

After some seven years of hard-fought litigation, the Settling Parties and Qwest have reached an agreement to settle this litigation with the remaining defendants on the terms set forth in the Stipulation, which is being filed concurrently.  This settlement resolves all claims against Joseph P. Nacchio (former Chief Executive Officer of Qwest) and Robert S. Woodruff (former Chief Financial Officer of Qwest).   The settlement provides for the payment of $45 million in cash for the benefit of the class.[3]  This is above and beyond the

---

[3]     The settlement is on behalf of the stipulated class defined in the Stipulation as the "N&W Class":

"N&W Class" means all Persons who purchased or otherwise acquired Qwest publicly traded securities (including common stock, bonds, and options) from May 24, 1999 through July 28, 2002 ("Class Period"), except for those Persons who requested and obtained exclusion from the class that was certified by the Court in the Partial Settlement and who subsequently resolved their claims against QCII, Nacchio, Woodruff and others and provided releases of claims against QCII, Nacchio, Woodruff and others. Excluded from the N&W Class are Defendants and any Persons affiliated with or related to any Defendant.  For purposes of this Paragraph, the Persons affiliated with or related to any Defendant are members of the immediate family of each Defendant, any entity in which any Defendant has a controlling interest, officers and directors of QCII and its subsidiaries and affiliates, and Arthur Andersen LLP ("AA") and AA's partners, shareholders and members, and the legal representatives, heirs, predecessors, successors and assigns of any such excluded party.  Also excluded from the N&W Class are those Persons who request exclusion from the N&W Class in such form and manner, and within such time, as the Court shall prescribe.  Also excluded from the N&W Class is any current or former officer, director, employee, or agent of Qwest who has been sued by the United States

- 2 -

$400 million previously paid by other defendants in this action, which settlement has been approved by the Court. This settlement will remove all barriers to distribution of the $400 million to the class. An additional $250 million in cash also has been distributed to the class from the Securities and Exchange Commission ("SEC") Distribution Fund. Lead Plaintiffs and their counsel believe that this recovery for the benefit of the class, given the various factors complicating the possibility of achieving or collecting a greater judgment against Settling Defendants, is an excellent recovery and easily meets the standards for preliminary and final approval.

## II.    HISTORY OF THE LITIGATION

On July 27, 2001, New England Healthcare Employees Pension Fund filed a class action complaint, entitled *New England Health Care Employees Fund v. Qwest et al.*, Civil Action No. 01-N-1451-REB-CBS, in the United States District Court for the District of Colorado (the "Court"), alleging various violations of the federal securities laws. A number of similar class action complaints were subsequently filed in the Court. Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), all of the related class action complaints were consolidated under the first filed case No. 01-N-1451; New England Healthcare Employees Pension Fund, Clifford Mosher, Tejinder Singh, and Sat Pal Singh were appointed Lead Plaintiffs; and a consolidated class action complaint was filed. Lead

---

Securities and Exchange Commission in connection with such Person's affiliation with or conduct related to Qwest.

*See* Stipulation at ¶1.13.

Plaintiffs filed amended complaints on December 3, 2001, April 5, 2002, May 2, 2002, August 21, 2002, and February 6, 2004.  In the Fifth Amended Complaint, the named defendants in the Litigation were Qwest Communications International Inc., Arthur Andersen LLP, Joseph Nacchio, Philip Anschutz, Robin Szeliga, Robert Woodruff, Stephen Jacobsen, Drake Tempest, Marc Weisberg, James Smith, Lewis Wilks, Craig Slater, Afshin Mohebbi, Gregory Casey, and Vinod Khosla.  The causes of action asserted in the Fifth Amended Complaint were for violations of the Securities Act of 1933 and the Securities Exchange Act of 1934.  Lead Plaintiffs sought to recover money and/or other relief on behalf of themselves and a putative class.

On November 4, 2002, Lead Plaintiffs moved for a temporary restraining order and a preliminary injunction to prevent Qwest from selling certain assets, or, in the alternative, to place the proceeds from that sale in trust.  Qwest opposed that motion.  The Court denied Lead Plaintiffs' request for a temporary restraining order, and following supplemental briefing and a hearing at which both sides presented evidence, denied Lead Plaintiffs' request for a preliminary injunction.

Defendants moved to dismiss Lead Plaintiffs' various consolidated amended complaints, and Lead Plaintiffs opposed Defendants' motions.  Defendants' motions to dismiss were granted in part and denied in part, with some individual defendants being dismissed from the Litigation. In other instances, the claims or allegations against Defendants were narrowed.

Those Defendants not dismissed from the Litigation filed answers denying all material allegations of Lead Plaintiffs' Fifth Amended Complaint and asserting various

defenses.  Lead Plaintiffs and Defendants engaged in extensive discovery which has been coordinated with discovery in several other state and federal securities actions.  Qwest produced more than 8,000,000 pages of documents, and Lead Plaintiffs and Defendants conducted more than 50 depositions.  Those depositions began in early 2005.  As noted below, while depositions of some key witnesses were deferred pending defendant Nacchio's criminal trial, they recently have resumed with some important exceptions.

In March 2005, Lead Plaintiffs filed a motion for class certification that was fully briefed at the time the prior settlement was reached.  As part of this settlement, the Settling Parties have stipulated to the certification of the N&W Class which is defined in the Stipulation at ¶1.13 and footnote 3 above.

In November 2005, Lead Plaintiffs entered into the first stipulation of settlement in this action (the "Qwest Settlement").  That stipulation encompassed all the claims against all defendants in this action, except Nacchio and Woodruff.  In May 2006, the Court conducted a hearing with regard to the fairness of that settlement and, in September 2006, the Court approved the settlement over the objections of Nacchio and Woodruff.  The Court also stayed this action *sua sponte* after giving final approval to the Qwest Settlement.  Nacchio and Woodruff appealed the Court's ruling on the settlement, and the Court of Appeals remanded the action back to this Court, based on some of their objections, for further findings by this Court.  *New Eng. Health Care Employees Pension Fund v. Woodruff, et al.*, 512 F.3d 1283, 1290 (10th Cir. 2008).  The funds available to the class from the Qwest Settlement cannot be distributed until the objections from Nacchio and Woodruff are resolved.  This settlement resolves those objections.

Beyond this action, both Nacchio and Woodruff are named in an action styled *SEC v. Nacchio*, No. 05-cv-480-MSK-CBS (D. Colo.) ("the *SEC* Action"). Currently, the *SEC* Action has a Fact Discovery Cut-off Date of December 8, 2008 (*see* 8/4/08 Order, Docket Entry No. 455). Expert disclosure will take place on February 6, 2009 (*id.*) and dispositive motions in that action must be filed on or before March 6, 2009. *Id.* Various depositions have been undertaken in the *SEC* Action and Lead Plaintiffs have been participating in, and coordinating their discovery efforts with regard to, those depositions, to minimize the costs and burdens to all individuals and entities involved in them.

There currently is no trial date set for the *SEC* Action, and various procedural and substantive issues in that action are currently unresolved. For example, the SEC has recently moved to amend its complaint to comply with a protective order the United States Department of Justice has demanded be put in place to limit the discussion of secret government information. Defendants Nacchio and Woodruff have objected to the prosecution of the action against them, arguing that their inability to use any secret government information prejudices them from being able to defend themselves. At this time, the Court overseeing the *SEC* Action has not ruled on those motions.

Separately, Nacchio is also a defendant in a criminal action, *United States v. Nacchio*, No. 05-cr-00545- EWN (D. Colo.). On April 19, 2007, Nacchio was found guilty of 19 of 42 counts brought against him. *See id.*, Verdict Form, Docket Entry No. 382. Nacchio appealed and, on March 17, 2008, the verdict was reversed and the action was remanded to the District Court for a new trial. *United States v. Nacchio*, 519 F.3d 1140, 1170 (10th Cir. 2008). The Court of Appeals also directed that the *Nacchio* action be

assigned to a new trial judge.  The United States asked for an *en banc* rehearing of the appellate court opinion and, on July 30, 2008, rehearing was granted.  *See United States v. Nacchio*, Appeal No. 07-1311 (10th Cir. July 30, 2008), Docket Entry No. 9585968.  It now is unclear whether Nacchio will face a second trial and, if so, when.  The United States Attorney's Office for the District of Colorado has successfully sought to further "embargo" depositions of key witnesses in its action from going forward in the *SEC* Action, effectively "embargoing" them in this case as well.  *See SEC v. Nacchio*, Docket Entry No. 419.

It is unlikely that fact discovery will close in the *SEC* Action until the witnesses now "embargoed" by the United States Attorney's Office are released for deposition, and there is now no set date for lifting the embargo.  While Lead Plaintiffs here are conducting depositions in conjunction with the *SEC* Action, there is no discovery cut-off date currently set in this action, no schedule for dispositive motions, and no trial date.

## III.    THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

As a matter of public policy, settlement is a strongly favored method for resolving disputes.  *See Grady v. De Ville Motor Hotel, Inc.*, 415 F.2d 449, 451 (10th Cir. 1969); *Alvarado Partners, L.P. v. Mehta*, 723 F. Supp. 540, 551 (D. Colo. 1989).  This is especially true in complex class actions such as this.  *See, e.g., Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval for the compromise of claims brought on a class basis.  At the final approval hearing, the Court will have before it extensive papers submitted in support of the proposed settlement and will be

asked to make a determination as to whether the settlement is fair, reasonable and adequate, under all of the circumstances. At this juncture, the Settling Parties and Qwest request only that the Court grant preliminary approval of the settlement.

In determining whether preliminary approval is warranted, the sole issue before the Court is whether the proposed settlement is within the range of what might be found fair, reasonable and adequate, so that notice of the proposed settlement should be given to N&W Class Members and a hearing scheduled to consider final settlement approval. *See Manual for Complex Litigation, Fourth (Ann.)* §13.14, at 229 (Federal Judicial Center 2008) ("First, the [court] reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing. If so, the final decision on approval is made after the hearing.").

The Settling Parties and Qwest request the Court to take the first step in this process and grant preliminary approval of the proposed settlement. The proposed settlement clearly satisfies the standard for preliminary (as well as final) approval. The settlement provides an immediate and substantial cash benefit to the class, the sum of $45 million, on top of $400 million previously collected in this action from other defendants. An additional $250 million has been distributed to effectively the same class via the SEC partial settlement. The $45 million total is a substantial settlement on its own. When combined with the earlier $400 million recovery, Lead Plaintiffs believe it to be in the top 15 class action securities settlements achieved after the passage of the PSLRA. Given the complexities of this Litigation and the substantial risks of continued litigation, Lead Counsel believe the settlement represents an excellent resolution of this Litigation against the

Settling Defendants and eliminates the risk that the class might not otherwise recover if litigation were to continue.

Reference to factors established by the Tenth Circuit in granting final approval of class action settlements confirms that the settlement is well within the range of possible approval. *See Gottlieb v. Wiles*, 11 F.3d 1004, 1014 (10th Cir. 1993); *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984). First, there is no reason to doubt the fairness of the settlement. The proposed settlement is the product of lengthy, arm's length, negotiations among Lead Counsel and counsel for the Settling Defendants and Qwest. Only after extensive negotiations and analysis of the procedural postures and substantive hurdles the parties faced were the Settling Parties and Qwest able to achieve a mutually acceptable resolution of Lead Plaintiffs' claims against the Settling Defendants.

Second, the substantial and immediate recovery provided by the settlement outweighs the mere possibility of future relief after protracted, uncertain and expensive litigation. In this case, the Settling Defendants have expressly denied and continue to deny all claims of wrongdoing or liability against them arising out of the allegations set forth in the Fifth Amended Complaint. Lead Plaintiffs believe that, at a minimum, the Settling Defendants would have claimed a lack of scienter as to misstatements or omissions during the Class Period. Lead Plaintiffs further expect that the Settling Defendants would have maintained that, at best, their misstatements or omissions were made accidentally, mistakenly or negligently. Although Lead Plaintiffs believe that they could have demonstrated the requisite scienter, a rational trier of fact could have disagreed as to certain statements or omissions. In addition, Lead Plaintiffs believe that the Settling

Defendants would have disputed both the existence and amount of damages.  Clearly, the damages issues would have been hard fought at trial.

Lead Plaintiffs further believe that settling this action now will benefit the class. First, the actions brought by the SEC and the Department of Justice have created substantial roadblocks to recovery for the class.  While all of these cases seek similar ends (although defendant Woodruff is not a defendant in the criminal action), each has a competing interest in obtaining a judgment against the Settling Defendants.  At this juncture, it is highly likely that the *SEC* Action will reach trial before this action would and, if it occurs, that any re-trial in the criminal action against Nacchio would take place even before the *SEC* Action.  However, as there are no trial dates set in either government action, it is unclear when such trials would be held.  The *SEC* Action likely will not be tried before late 2009, and the criminal action against defendant Nacchio is currently on appeal. If and when it comes back to the district court, it likely will be assigned to a new courtroom, possibly causing further delay before trial can be set.  Further, while potentially positive *res judicata* or collateral estoppel effects of a judgment may inure to Lead Plaintiffs' and the N&W Class' benefit, the damages the government is seeking in judgment would likely bankrupt these defendants so the government's success would leave no money for the private civil class action.  Also, if the government is successful in achieving a judgment against the Settling Defendants, the Settling Defendants have shown a willingness to appeal decisions to the Court of Appeals and beyond, further delaying any final resolution. The continuation of this litigation, alongside the government actions, also will mean substantially more costs to all parties.

Further, the Settling Defendants have objected to the prior Qwest Settlement, and their objections have stymied Lead Plaintiffs' efforts to distribute the prior settlement funds to class members.  This settlement will resolve the objections, the Qwest Settlement money will be distributed to the class, and the class will receive the benefit of this settlement as well, without further delay.

Lead Plaintiffs, through their counsel, having carefully considered and evaluated, *inter alia*, the relevant legal authorities and evidence to support the claims asserted against the Settling Defendants, the likelihood of prevailing on these claims, the risk, expense and duration of continued litigation, the likely appeals and subsequent proceedings necessary if Lead Plaintiffs did prevail against the Settling Defendants at trial, and the collectability of any favorable judgment after trials and appeals, have concluded that the settlement is clearly fair, reasonable and adequate and in the best interest of the class.  Lead Counsel have significant experience in securities and other complex class action litigation and have negotiated numerous other substantial class action settlements throughout the country.  As this Court has previously found, "Plaintiffs' lead counsel are highly skilled and specialized attorneys who use their substantial experience and expertise to prosecute complex securities class actions."  Order Granting Motion for Attorney Fees and Reimbursement of Expenses by Plaintiff (9/29/06) at 8 (Docket Entry No. 1051).

While the Settling Parties and Qwest believe the settlement merits final approval, the Court need not make that determination at this time.  The Court only is being asked to permit notice of the terms of the settlement to be sent to the Class and schedule a hearing, pursuant to Federal Rule of Civil Procedure 23(e), to consider any views expressed by

N&W Class Members regarding the fairness of the settlement, the Plan of Allocation, and Lead Counsel's request for an award of fees and expenses.  5 James Wm. Moore, *Moore's Federal Practice* ¶23.87, at 23-405 to 23-406 (3d ed. 2008).

## IV.   SCHEDULE OF EVENTS

In connection with preliminary approval of the settlement, the Court must set a final approval hearing date, dates for mailing and publication of the Notice and Summary Notice and deadlines for objecting to the settlement, seeking exclusion from the Class, and filing papers in support of the settlement.  The parties propose the following schedule:

| | |
|---|---|
| Notice mailed to N&W Class | 10 days ("Notice Date") after the Court enters the Notice Order |
| Summary Notice published | 10 days after Notice Date |
| Deadline for filing papers in support of the settlement, Plan of Allocation of settlement proceeds and request for an award of attorneys' fees and expenses | 20 days after Notice Date |
| Deadline for objecting to settlement, Plan of Allocation of settlement proceeds or request for attorneys' fees and expenses and for seeking exclusion from the Class | 50 days after Notice Date |
| Deadline for filing reply to objections | 14 days before Settlement Hearing |
| Settlement Hearing | No fewer than 80 days after Notice Date |

## V.   CONCLUSION

For the reasons set forth above, the proposed settlement warrants this Court's

preliminary approval.

DATED: August 15, 2008

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MICHAEL J. DOWD
SPENCER A. BURKHOLZ
THOMAS E. EGLER
SCOTT H. SAHAM
X. JAY ALVAREZ
TRIG R. SMITH

s/ THOMAS E. EGLER
THOMAS E. EGLER

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MICHELLE M. McCARRON
9601 Wilshire Blvd., Suite 510
Los Angeles, CA  90210
Telephone:  310/859-3100
310/278-2148 (fax)

**Lead Counsel for Plaintiffs**

THE SHUMAN LAW FIRM
KIP B. SHUMAN
801 East 17th Avenue
Denver, CO  80218-1417
Telephone:  303/861-3003
303/830-6920 (fax)

**Liaison Counsel**

S:\CasesSD\Qwest\BRF00052408_Rev_ Prelimin App.doc

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 15, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 15, 2008.

s/ THOMAS E. EGLER
THOMAS E. EGLER

COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  tome@csgrr.com

# Mailing Information for a Case 1:01-cv-01451-REB-KLM

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **X. Jay Alvarez**
  JayA@csgrr.com,e_file_sd@csgrr.com

- **Timothy Granger Atkeson**
  Tim_Atkeson@aporter.com,jeffrey_lewis@aporter.com,tracey.davisson@aporter.com,susan.cole@ap

- **Michael James Barry**
  mbarry@gelaw.com,mhartman@gelaw.com,gfpulver@handf.com

- **Jeffrey Allen Berens**
  jeff@dyerberens.com,jeffreyberens@comcast.net

- **Terry W. Bird**
  twb@birdmarella.com,dh@birdmarella.com

- **David Robert Boyd**
  dboyd@bsfllp.com

- **J. Patrick Bradley**
  jpb@greensfelder.com

- **Jessica Brody**
  jessica_brody@aporter.com,roleen_johnson@aporter.com,arthur_luk@aporter.com,jeffrey_lewis@ap

- **Spencer A. Burkholz**
  SpenceB@csgrr.com,e_file_sd@csgrr.com

- **David Lawrence Cook**
  david.cook@cliffordchance.com

- **Jennifer Lynn Coon**
  mem@birdmarella.com

- **Merrill Gene Davidoff**
  mdavidoff@bm.net,sleo@bm.net

- **Michael J. Dowd**
  MikeD@lerachlaw.com

- **Mark T. Drooks**
  mtd@birdmarella.com,lak@birdmarella.com

- **Stephanie Erin Dunn**

sdunn@perkinscoie.com,docketden@perkinscoie.com,sdunn-efile@perkinscoie.com

- **Thomas E. Egler**
  TomE@lerachlaw.com

- **Kevin D. Evans**
  kdevans@s-elaw.com,cmcnear@s-elaw.com

- **Clyde A. Faatz , Jr**
  cafaatz@handf.com,kjscholet@handf.com,gfpulver@handf.com

- **Christopher James W. Forrest**
  cjforrest@handf.com,kjscholet@handf.com,gfpulver@handf.com

- **Joshua David Franklin**
  jdf@denverda.org

- **John A. Freedman**
  john_freedman@aporter.com

- **Walter W. Garnsey , Jr**
  wgarnsey@kghllaw.com,smiller@kghllaw.com

- **Terence C. Gill**
  tgill@sah.com,efiling@sah.com

- **Michael W. Gross**
  mwgross@juno.com,mgross@sgattorneys.com

- **Marcy Marie Heronimus**
  mheronim@sah.com,efiling@sah.com,peckman@sah.com

- **Michael James Hofmann**
  michael.hofmann@hro.com,jackie.delay@hro.com

- **Kevin Brent Huff**
  khuff@khhte.com

- **Richard L. Jacobson**
  richard.jacobson@aporter.com,michael.hausenfleck@aporter.com

- **Roberta A. Kaplan**
  rkaplan@paulweiss.com

- **Curtis L. Kennedy**
  CurtisLKennedy@aol.com

- **Gary Michael Kramer**
  gkramer@bw-legal.com,amcarrillo@bw-legal.com

- **Alfred P. Levitt**
  alevitt@bsfllp.com

- **Vincent J. Marella**
  vjm@birdmarella.com,lak@birdmarella.com

- **David Meister**
  david.meister@cliffordchance.com

- **Jeffrey D. Meyer**
  jmeyer@moultonmeyer.com,rhuron@moultonmeyer.com

- **Charles G. Michaels**
  michaels@cmichaelslaw.com

- **James D. Miller**
  james.miller@cliffordchance.com,andrew.good@cliffordchance.com,yoko.nitta@cliffordchance.com,

- **Robert Nolen Miller**
  rmiller@perkinscoie.com,docketden@perkinscoie.com,rmiller-efile@perkinscoie.com

- **Barbara C. Moses**
  bmoses@maglaw.com,jlaing@maglaw.com

- **Edward S. Nathan**
  enathan@sgklaw.com,khoward@sgklaw.com,ejimenez@sgklaw.com

- **James E. Nesland**
  neslandje@cooley.com,foutsdl@cooley.com,calendarreq@cooley.com,inghramjl@cooley.com

- **Sharan Nirmul**
  snirmul@gelaw.com

- **Robin Lee Nolan**
  RNolan@bw-legal.com

- **Keith F. Park**
  keithp@lerachlaw.com

- **Elissa J. Preheim**
  Elissa.Preheim@aporter.com

- **Thomas Vincent Reichert**
  tvr@birdmarella.com,exg@birdmarella.com

- **John M. Richilano**
  jmr@richilanolaw.com,jjones@richilanolaw.com

- **Kenneth F. Rossman , IV**
  krossman@rothgerber.com

- **Ashley Elizabeth Rupp**
  arupp@maglaw.com

- **Scott Saham**

scotts@lerachlaw.com

- **Scott B. Schreiber**
  scott_schreiber@aporter.com

- **Arthur M. Schwartz**
  aschwartz@sgattorneys.com,dburton@sgattorneys.com

- **Paul Howard Schwartz**
  schwartzph@cooley.com,colitigation@cooley.com,foutsdl@cooley.com,calendarreq@cooley.com,ing

- **David L. Schwarz**
  dschwarz@khhte.com

- **Kip Brian Shuman**
  kip@shumanlawfirm.com,rusty@shumanlawfirm.com,lisa@shumanlawfirm.com

- **Edward F. Siegel**
  efsiegel@efs-law.com

- **Joel M. Silverstein**
  jsilverstein@sgklaw.com

- **Jeffrey Allen Smith**
  jsmith1@cooley.com,foutsdl@cooley.com,calendarreq@cooley.com,inghramjl@cooley.com

- **Jeffrey Speiser**
  jspeiser@sgklaw.com

- **Herbert J. Stern**
  hstern@sgklaw.com

- **Michael D. Trager**
  michael.trager@aporter.com,tisha.mccray@aporter.com

- **Kevin Thomas Traskos**
  Kevin.Traskos@usdoj.gov,andrea.hough@usdoj.gov,USACO.ECFCivil@usdoj.gov

- **Jesus Manuel Vazquez , Jr**
  jvazquez@rothgerber.com,tclanahan@rothgerber.com

- **James Gregory Waller**
  gregwaller@andrewskurth.com,kpiccolo@akllp.com,amyprasad@akllp.com

- **Ronald L. Wilcox**
  ronwilcox@hillandrobbins.com,raemcgaughey@hillandrobbins.com,janestoddart@hillandrobbins.con

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**AnchorMedia Ventures**
Attn: Alan Henry
35 Franklin Court So.
St. Petersburg, FL 33711

**I. Walton Bader**
Bader & Bader, LLP
50 Main Street
#1000 PMB 1029
White Plains, NY 10601

**Fredric C. Clodius**
11015 Millbank Road
King George, VA 22485

**Brian Fitzpatrick**
87 Barrow Street
Apartment 6H
New York, NY 10014

**Alan Henry**
3 Highfields Lane
Northport, ME 02870

**Geoffrey C. Jarvis**
Grant & Eisenhofer, P.A.
1201 North Market Street
#2100
Wilmington, DE 19801

**Donald Keller**
5507 Kerr Dr.
Helena, MT 59602

**Tim Myles**
254 Cass Street
Portsmouth, NH 03801

**C. Mylett**
P.O. Box 1031
Coleman, FL 33521

**New York State Teachers' Retirement System**
Wayne Schneider
Joseph J. Indelicato
10 Corporate Woods Drive
Albany, NY 12211-2395

**Pennsylvania State Employees' Retirement System**
Michael A. Budin
30 Noth Third Street
Suite 150
Harrisburg, PA 17101

**Cleo J. Rauchway**
Rothgerber, Johnson & Lyons, LLP
United States District Court Box 11
1200 - 17th Street
#3000
Denver, CO 80202

**William M. Rogers**

606 S. Military Trail
Deerfield Beach, FL 33442