**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 01-cv-1451-REB-KLM
(Consolidated with Civil Action Nos. 01-cv-1472-REB-PAC, 01-cv-1527-REB-PAC,
01-cv-1616-REB-PAC, 01-cv-1799-REB-PAC, 01-cv-1930-REB-PAC,
01-cv-2083-REB-PAC, 02-cv-0333-REB-PAC, 02-cv-0374-REB-PAC,
02-cv-0507-REB-PAC, 02-cv-0658-REB-PAC, 02-cv-755-REB-PAC,
02-cv-798-REB-PAC and 04-cv-0238-REB-PAC)

In re QWEST COMMUNICATIONS INTERNATIONAL, INC. SECURITIES LITIGATION

---

**ORDER PRELIMINARILY APPROVING SETTLEMENT
AND APPROVING FORM AND MANNER OF NOTICE**

---

**Blackburn, J.**

WHEREAS, Lead Plaintiffs (on behalf of themselves and the N&W Class Members) in the above-captioned consolidated litigation (the "Litigation"), have entered into a Stipulation of Settlement dated as of August 4, 2008 (the "Stipulation") with Joseph P. Nacchio, Robert S. Woodruff (the "Settling Defendants") and for certain purposes Qwest Communications International, Inc. ("QCII") that is subject to review and approval under Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and that, together with the exhibits thereto, sets forth the terms and conditions for the proposed partial settlement of the Litigation and the dismissal of the Litigation against the Settling Defendants with prejudice; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to entry of this Order; and all capitalized terms used herein and not otherwise defined herein, having the same meanings set forth in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court hereby certifies, for settlement purposes only, a class pursuant to Fed. R. Civ. P. 23(b)(3) (the "N&W Class"), defined as follows:

> all Persons who purchased or otherwise acquired Qwest publicly traded securities (including common stock, bonds, and options) from May 24, 1999 through July 28, 2002 ("Class Period"), except for those Persons who requested and obtained exclusion from the class that was certified by the Court in the Partial Settlement and who subsequently resolved their claims against QCII, Nacchio, Woodruff and others and provided releases of claims against QCII, Nacchio, Woodruff and others.  Excluded from the N&W Class are Defendants and any Persons affiliated with or related to any Defendant.  For purposes of this Paragraph, the Persons affiliated with or related to any Defendant are members of the immediate family of each Defendant, any entity in which any Defendant has a controlling interest, officers and directors of QCII and its subsidiaries and affiliates, and Arthur Andersen LLP ("AA") and AA's partners, shareholders and members, and the legal representatives, heirs, predecessors, successors and assigns of any such excluded party.  Also excluded from the N&W Class are those Persons who request exclusion from the N&W Class in such form and manner, and within such time, as the Court shall prescribe.

>Also excluded from the N&W Class is any current or former officer, director, employee, or agent of Qwest who has been sued by the United States Securities and Exchange Commission in connection with such Person's affiliation with or conduct related to Qwest.

(a) The Court finds that (i) members of the N&W Class are so numerous as to make joinder impracticable; (ii) the claims of the Lead Plaintiffs are typical of the claims of the N&W Class they seek to represent; (iii) the interests of the members of the N&W Class will be, and have been, fairly and adequately represented by the Lead Plaintiffs and Lead Counsel; (iv) a class action is superior to other available methods for the fair and efficient adjudication of this Litigation; (v) common questions of law and fact exist as to all members of the N&W Class; and (vi) such common questions predominate over any questions solely affecting individual members of the N&W Class.

(b) The Court finds that pursuant to Fed. R. Civ. P. 23, Lead Plaintiffs New England Healthcare Employees Pension Fund, Sat Pal Singh, Tejinder Singh, and Clifford Mosher are adequate class representatives.

2. The terms of the settlement as set forth in the Stipulation, are preliminarily approved. A hearing (the "Settlement Hearing"), pursuant to Fed. R. Civ. P. 23(e), shall be held before the Court on **March 27, 2009, at 1:30 p.m.**, in Courtroom A-701of the United States Courthouse, 901 19th Street, Room A-105, Denver, Colorado (or such adjourned time or times as the Court may set without further notice to the N&W Class):

(a) to determine whether the terms of the settlement as set forth in the Stipulation are fair, reasonable, adequate to the N&W Class and should be approved by the Court;

(b) to determine whether the Judgment as provided under the Stipulation should be entered;

(c)  to determine whether the proposed Plan of Allocation for distributing the settlement proceeds among N&W Class Members should be approved by the Court;

(d)  to determine the amount of fees and expenses to be awarded to Lead Counsel and the amounts that should be ordered reimbursed to the Lead Plaintiffs for their expenses (including lost wages) incurred in prosecuting the claims against Nacchio and Woodruff in the Litigation; and

(e)  to rule upon such other matters as the Court may deem appropriate.

3.  The Court approves, in form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release, and the Summary Notice (the "Summary Notice"), annexed as exhibits A-1, A-2, and A-3 respectively to the Stipulation and this Order, and finds that the publication, mailing, and Internet posting of such notices in the manner and form set forth in the Stipulation and as set forth herein, meets the requirements of Rule 23 of the Fed. R. Civ. P., §21D(a)(7) of the Exchange Act, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, the rules of this Court, and any other applicable law, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

4. Gilardi & Co. LLC is hereby appointed Claims Administrator to supervise and administer the notice process as well as process claims as more fully set forth in the Stipulation.

5. On or before **December 5, 2008** ("Notice Date"), (i) a copy of the Notice substantially in the form annexed as Exhibit A-1 to the Stipulation shall be mailed by first class mail to each member of the Class to the extent shown by the records of Qwest or its transfer agent or obtained in connection with the Notice of Partial Settlement given

3

pursuant to this Court's January 5, 2006 Order (Doc. 906) (the "Prior Notice") at the address set forth in such records, and (ii) the Stipulation and all exhibits thereto shall be posted on the Internet at the Claims Administrator's Internet website, www.gilardi.com.

(a)  On or before **December 15, 2008**, a copy of the Summary Notice, substantially in the form annexed as Exhibit A-3 to the Stipulation, shall be published on two separate occasions in the national edition of Investor's Business Daily.

(b)  At or prior to the Settlement Hearing provided in paragraph 2 of this Order, Lead Counsel shall file with the Court, proof, by affidavit or declaration, of such mailing and publication.

6.  Within ten (10) days after the receipt of the Notice, nominees who hold or held the publicly traded securities of Qwest purchased or acquired during the period May 24, 1999 through July 28, 2002, inclusive, for the benefit of another Person shall either (i) request additional copies of the Notice and, within ten (10) days after the receipt of the additional copies of the Notice, mail them to such beneficial owners and send a statement to the Claims Administrator confirming that the mailings were made as directed; or (ii) if the nominee has not already done so in connection with the Prior Notice, send a list of names and addresses of such beneficial owners to the Claims Administrator who, in turn, shall promptly mail the Notice to such beneficial owners. The Claims Administrator shall advise such nominees that their reasonable costs in providing the Notice to such beneficial owners will be reimbursed upon submission of appropriate documentation.

7.  Any member of the N&W Class may be excluded from the N&W Class by complying, on or before fifty (50) calendar days after the Notice Date, with the instructions and procedures set forth in Section VIII of the Notice regarding exclusion

from the N&W Class.  Any member of the N&W Class who has not requested to be excluded from the N&W Class in the manner set forth in Section VIII of the Notice may, but is not required to, enter an appearance in this Litigation pro se or through counsel of his, her or its own choice.  Any member of the N&W Class who does not enter an appearance shall be represented by Lead Counsel.

8.  Any member of the N&W Class who has not requested to be excluded from the N&W Class and who wants to object to the approval of the settlement on the terms set forth in the Stipulation, the application by Lead Counsel for an award of attorneys' fees and expenses, reimbursement of the expenses (including lost wages) of Lead Plaintiffs, or the proposed Plan of Allocation may do so by appearing at the Settlement Hearing either in person or through an attorney or by filing a written objection consisting of documents, briefs, or affidavits with the Court.  As set forth in Section XII of the Notice, in order to appear at the Settlement Hearing or otherwise object to the settlement, any such N&W Class Member must file a written notice of objection with the Clerk of the Court on or before fifty (50) calendar days after the Notice Date.  This written objection must also be served by hand or first class mail on the parties set forth in Section XIII of the Notice. Any N&W Class Member who intends to object to the approval of the settlement on the terms set forth in the Stipulation, the application by Lead Counsel for an award of attorneys' fees and expenses, reimbursement of the expenses (including lost wages) of Lead Plaintiffs, or the proposed Plan of Allocation, and who desires to present evidence at the Settlement Hearing must include in his, her or its written objections the identity of any witnesses he, she or it may call to testify, and any exhibits he, she or it intends to introduce into evidence at the Settlement Hearing. Any N&W Class Member who does not make his, her, or its objection in the manner

provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement as incorporated in the Stipulation, the proposed Plan of Allocation, the awards to Lead Counsel of attorneys' fees and expenses or any reimbursement of expenses of Lead Plaintiffs (including lost wages), unless otherwise ordered by the Court.

9. N&W Class Members who want to participate in the settlement and who have not previously submitted a completed Proof of Claim and Release in connection with the Partial Settlement and the Prior Notice shall complete and submit a Proof of Claim and Release substantially in the form annexed as Exhibit A-2 to the Stipulation in accordance with the instructions contained therein and in the Notice and the Prior Notice. Any person who submitted a Proof of Claim and Release in connection with the Partial Settlement shall be deemed to be an N&W Class Member and shall participate in the settlement based on the information included in the Proof of Claim and Release that such person submitted in connection with the Partial Settlement and the Prior Notice, unless such Person submits a Proof of Claim and Release in this proceeding (in which case, the Proof of Claim and Release filed in the Partial Settlement shall be disregarded for these purposes) or unless such person is specifically excluded from the N&W Class. All Proofs of Claim and Releases must be submitted no later than ninety (90) calendar days after the Notice Date. Any N&W Class Member for whom a timely and valid Proof of Claim and Release has not been submitted within the time provided for shall, unless otherwise ordered by the Court, be barred from sharing in the distribution of the proceeds of the settlement but shall nonetheless be bound by the terms of the Judgment.

10. Neither Defendants nor Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the proposed settlement.

11. All proceedings against the Settling Defendants in the Litigation are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the settlement.

12. On the Effective Date, all members of the N&W Class for whom timely, valid, and complete requests for exclusion from the N&W Class have not been submitted in accordance with the provisions of Section VIII of the Notice shall conclusively be deemed to have dismissed with prejudice all claims asserted against the Settling Defendants in the Litigation and to have released all the Released Claims, and shall be forever barred and enjoined from asserting, prosecuting, or continuing the prosecution of any of the Released Claims against the Settling Defendants pursuant to the terms of the Stipulation.

13. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed settlement, no member of the N&W Class, other than those for whom timely, valid, and complete requests for exclusion from the N&W Class have been submitted, may, either directly, representatively, or in any other capacity, prosecute, institute, or commence any individual, class, or derivative action with respect to the Released Claims against any of the Released Persons.

14. The Court reserves the right to approve the settlement with such modifications as may be agreed to by the Settling Parties and QCII, if appropriate, without further notice to N&W Class Members, and retains jurisdiction to consider all

further applications arising out of or connected with the proposed settlement, as well as any applications for awards of fees and expenses to counsel to the N&W Class.

15. The Claims Administrator, subject to such supervision of the Court and/or Lead Counsel as may be necessary or as circumstances may require, shall provide notice to the N&W Class and administer the processing of Proof of Claim and Release forms. All reasonable costs incurred in identifying and notifying N&W Class Members as well as in administering the Settlement Fund shall be paid as set forth in the Stipulation.

16. All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court. Neither Settling Defendants, QCII, nor their counsel shall have any responsibility for the handling of the funds held by the Escrow Agent.

17. All papers in support of the settlement, the Plan of Allocation, any application by Lead Counsel for attorneys' fees and expenses and reimbursement of the Lead Plaintiffs' expenses (including lost wages) shall be filed with the Court and served on or before twenty (20) calendar days after the Notice Date and any reply to objections shall be filed and served fourteen (14) calendar days prior to the Settlement Hearing.

Dated November 26, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**