**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  01-cv-01451-REB-CBS
(Consolidated with Civil Action Nos. 01-cv-01472-REB-CBS, 01-cv-01527-REB-CBS, 01-cv-01616-REB-CBS, 01-cv-01799-REB-CBS, 01-cv-01930-REB-CBS, 02-cv-00333-REB-CBS, 02-cv-00374-REB-CBS, 02-cv-00507-REB-CBS, 02-cv-00658-REB-CBS, 02-cv-00755-REB-CBS; 02-cv-00798-REB-CBS; and 04-cv-00238-REB-CBS)

In re QWEST COMMUNICATIONS INTERNATIONAL, INC. SECURITIES LITIGATION

Civil Action No. 09-CV-00172-PAB-CBS

MUNDER ASSET ALLOCATION FUND – BALANCED, MUNDER LARGE-CAP GROWTH FUND (f/k/a MUNDER MULTI-SEASON GROWTH FUND), MUNDER INTERNET FUND, MUNDER INDEX 500 FUND, AND MUNDER INSTITUTIONAL S&P 500 INDEX EQUITY FUND,

   Plaintiffs,

v.

JOSEPH P. NACCHIO and ROBERT S. WOODRUFF,

   Defendants.

## ORDER DENYING UNOPPOSED MOTION TO CONSOLIDATE

**Blackburn, J.**

This matter is before me on **Defendants Joseph P. Nacchio's and Robert S. Woodruff's Unopposed Motion To Consolidate** [#1200] filed April 21, 2009.  I deny the motion.

The determination whether to consolidate cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, pertinently:

> When actions involving a common question of law or fact are pending
> before the court, it may order a joint hearing or trial of any or all the
> matters in issue in the actions; it may order all the actions consolidated;
> and it may make such orders concerning proceedings therein as may tend
> to avoid unnecessary costs or delay.

**FED.R.CIV.P.** 42(a).[1]  The purpose of the rule is to allow the court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." ***Breaux v. American Family Mutual Insurance Co.,*** 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. WRIGHT & A. MILLER, **FEDERAL PRACTICE AND PROCEDURE** § 2381 at 427 (2nd ed. 1995)).  The decision whether to consolidate cases is committed to my sound discretion.  ***Shump v. Balka***, 574 F.2d 1341, 1344 (10th Cir. 1978).

Case No. 01-cv-01451 is the case in which several proposed securities fraud class action complaints long have been consolidated.  Some time ago, I approved the settlement between the plaintiff class and all defendants, except defendants Joseph P. Nacchio and Robert S. Woodruff.  Recently, I conducted a hearing concerning a proposed settlement between the plaintiff class and defendants Nacchio and Woodruff.  At the conclusion of that hearing, I approved the proposed settlement between the plaintiff class and defendants Nacchio and Woodruff, although I have not yet issued a written order formally stating my findings of fact and conclusions of law, which undergird my approval of this proposed settlement.  In short, the litigation that long has been pending in Case No. 01-cv-01451 is nearly at an end.

In contrast, Case No. 09-cv-00172 was filed very recently and is in the initial stages of litigation.  As Nacchio and Woodruff note, the factual allegations and claims in

---

[1] As the district judge to whom the oldest numbered case involved in the proposed consolidation is assigned for trial, the question whether to consolidate these matters falls to me for determination. ***See*** **D.C.COLO.LCivR** 42.1.

09-cv-00172 are very similar to the allegations and claims in 01-cv-01451.  Of course, the two cases raise also similar legal issues.  These similarities, however, do not justify consolidation of these cases.  Again, the purpose of consolidation is to avoid unnecessary costs and delay, and to promote expedition and economy.  Given the dramatically different procedural postures of the two cases at issue here, I conclude that consolidation of the two cases would not promote expedition and economy.  Rather, expedition and economy better will be promoted by permitting 01-cv-01451 to proceed to its conclusion, while permitting 09-cv-00172 to proceed independently.

**THEREFORE, IT IS ORDERED** that **Defendants Joseph P. Nacchio's and Robert S. Woodruff's Unopposed Motion To Consolidate** [#1200] filed April 21, 2009, is **DENIED**.

Dated April 23, 2009, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge